[Civ. No. 51979. First Dist., Div. Two. May 14, 1981.]

JEFF BROWN, as Public Defender, etc., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
EDWARD PAUL MEINHARDT, Real Party in Interest.

COUNSEL

Jeff Brown, Public Defender, and Estella W. Dooley, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

James R. Scannell and Robert Tallman for Real Party in Interest.

OPINION

MILLER, J.—Petitioner, the Public Defender of the City and County of San Francisco, seeks a writ of mandate to compel respondent Superior Court of the City and County of San Francisco to set aside its order appointing petitioner to represent a conservatee in a proceeding before the probate court. Petitioner contends that there is no statutory authority for respondent court to appoint the public defender to represent conservatee, real party in interest in this matter, in a proceeding to recover personal property. We agree that respondent court exceeded its jurisdiction in requiring the office of the public defender to assume the representation of a nonindigent conservatee.

Section 27700 of the Government Code provides for the establishment of the office of public defender. The City and County of San Francisco has established such an office, of which petitioner, Jeff Brown, is in charge. Section 27706 of the Government Code defines the duties of the public defender. Government Code section 27706, subdivision (d) provides that "Upon request, or upon order of the court, the public defender shall represent any person *who is not financially able to employ counsel* in proceedings under Division 4 (commencing with Section 1400) of the Probate Code and Part I (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code." (Italics added.)

Section 1470 et seq. of the Probate Code was amended in 1979 (Stats. 1979, ch. 726, § 3, operative Jan. 1, 1981). Section 1470 provides for the *discretionary* appointment of legal counsel as follows: "(a) The court may appoint *private* legal counsel for . . . a conservatee . . . in any proceeding under this division if the court determines such person is not otherwise represented by legal counsel and that the appointment would be helpful to the resolution of the matter or is necessary to protect the person's interests." (Italics added.)

Section 1471 provides for the *mandatory* appointment of legal counsel as follows: "(a) If a conservatee, proposed conservatee, or person alleged to lack legal capacity is unable to retain legal counsel and requests the appointment of counsel to assist in the particular matter, whether or not such person lacks or appears to lack legal capacity, the court shall, at or before the time of the hearing, appoint the public defender or private counsel to represent the interest of such person in the following proceedings under this division:

"(1) A proceeding to establish a conservatorship or to appoint a proposed conservator.

"(2) A proceeding to terminate the conservatorship.

"(3) A proceeding to remove the conservator.

"(4) A proceeding for a court order affecting the legal capacity of the conservatee.

"(5) A proceeding to obtain an order authorizing removal of a temporary conservatee from the temporary conservatee's place of residence."

Section 1471, subdivision (a) does not encompass a proceeding by a conservatee to recover personal property. The proceeding with which we are concerned is not a proceeding pursuant to section 1471, subdivision (a), nor is it a proceeding pursuant to subdivisions (b) or (c).

The record shows that on January 12, 1981, the conservator, James R. Scannell, Public Administrator and ex officio Public Guardian of the City and County of San Francisco, filed his first account of receipts and disbursements on account of the conservatorship estate from August 30, 1979, to and including December 11, 1980, and petition for settlement thereof, showing a balance of $17,849.96 cash on hand, as well as

personal property consisting of life insurance, a 1970 Ford LTD automobile, and furnishings and personal effects of a total value of $2,457.95. The accounting also showed that the conservatee had income from pensions and from social security in the approximate sum of $1,367.83 per month.

■ Government Code section 27706, subdivision (d), specifically limits the duties of a public defender to represent *"any person who is not financially able to employ counsel* in proceedings under Division 4 [of the Probate Code]." Section 1470 clearly affords the court discretion to appoint *private* legal counsel to represent the conservatee in this matter, and to enter an order that legal counsel receive a reasonable sum for compensation from the conservatee's estate. (§ 1470, subds. (b) and (c)(1).) We conclude, however, that the court exceeded its jurisdiction in appointing the public defender to represent conservatee in a matter which does not fall within the provisions of section 1471, subdivisions (a), (b) or (c) under circumstances where the conservator's first account filed 11 days prior to the appointment of the public defender shows that the conservatee had the sum of $17,849.96 cash on hand and it was therefore clear from the record that the conservatee was financially able to employ private counsel.

Let a peremptory writ of mandate issue, directing respondent superior court to vacate its order appointing the public defender to represent the conservatee.

Taylor, P. J., and Smith, J., concurred.