[Civ. No. 57171. Second Dist., Div. One. Nov. 13, 1979.]

WILBUR F. LITTLEFIELD, as Public Defender, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JESUS ARTEAGA HERRERA et al., Real Parties in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer and John A. Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, and Selwyn C. Reid, Deputy District Attorney, for Real Parties in Interest.

OPINION

LILLIE, Acting P. J.—Wilbur F. Littlefield, Public Defender of the County of Los Angeles, has filed petition for writ of mandate to compel respondent superior court to vacate its order of July 31, 1979, appointing the Public Defender of the County of Los Angeles as counsel for real party in interest Jesus Arteaga Herrera, defendant in a civil action brought pursuant to sections 11350.1 and 11475.1, Welfare and Institutions Code, in which real party in interest, County of Los Angeles, seeks to establish paternity of and enforce support for two minor children. Opposition was requested. Honorable Marvin A. Freeman, Judge of respondent Superior Court of the State of California for the County of Los Angeles, has filed letter brief opposing said petition; real party in interest County of Los Angeles has filed letter brief advancing its position in this case but entering no opposition to said petition; real party in interest Jesus Arteaga Herrera has not appeared.

The petition for writ of mandate and all letter briefs have been read and considered by the court.

The petition raises two contentions: (1) defendant Jesus Arteaga Herrera is not entitled at public expense to representation in the civil action to establish paternity of and enforce support for minor children; and (2) there is no statutory authority for the appointment of the Public Defender of the County of Los Angeles to represent defendant Herrera in said action.

As there is not a plain, speedy or adequate remedy at law, and in view of the fact that the issuance of an alternative writ would add nothing to the full presentation already made and would only serve the purpose of delay, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance" (Code Civ. Proc., § 1088; *Department of Consumer Affairs* v. *Superior Court,* 71 Cal. App.3d 97, 99 [139 Cal.Rptr. 120].)

The record shows that a complaint for child support has been filed under the provisions of sections 11350.1 and 11475.1, Welfare and Institutions Code, by real party in interest, County of Los Angeles against Jesus Arteaga Herrera (No. D-991311), alleging he is the father of two minor children and praying for support of said minors; that thereafter respondent superior court found defendant Herrera to be indigent and unable to obtain counsel, and on July 31, 1979, made an order appointing the Public Defender of the County of Los Angeles to represent defendant Herrera; and that no showing has been made that representation by the Public Defender of the County of Los Angeles had been requested by defendant Herrera and that claim had been made by defendant Herrera, or the Public Defender of the County of Los Angeles had determined, that he is being persecuted or unjustly harassed (§ 27706, subds. (b), (c), Gov. Code).

█ It appearing that the Public Defender of the County of Los Angeles is not authorized to represent the indigent defendant in this civil action to establish paternity and to enforce child support, under section 27706, Government Code, which sets forth the authorized duties of the county public defender who is thereunder empowered to act in only a limited number of narrowly defined civil actions not involving the possible loss of liberty to the defendant, of which the instant civil action is not one; and that respondent superior court has acted in excess of its jurisdiction in appointing the Public Defender of the County of Los

Angeles to represent defendant Herrera in this civil action to establish paternity of and to enforce support for two minor children; and

It further appearing that in light of our determination that there is no statutory or other authority for the appointment of the Public Defender of the County of Los Angeles to represent defendant Herrera herein, it is unnecessary to consider the other contention raised by petitioner;

It is ordered that a peremptory writ of mandate issue commanding the superior court to vacate its order of July 31, 1979, appointing the Public Defender of the County of Los Angeles to represent defendant Jesus Arteaga Herrera in case No. D-991311 entitled County of Los Angeles vs. Jesus Arteaga Herrera, a civil action to establish paternity and enforce child support.

Hanson, J., and Rothman, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.