[Civ. No. 68758. Second Dist., Div. Six. Aug. 29, 1983.]

RICHARD E. ERWIN, as Public Defender, etc., Petitioner, v.
THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT
OF VENTURA COUNTY, Respondent;
EDWARD JOHN GARDNER, Real Party in Interest;
THE PEOPLE, Real Party in Interest.

COUNSEL

Richard E. Erwin, in pro. per., for Petitioner.

Dorothy L. Schechter, County Counsel, and Mary C. Ward, Assistant County Counsel, for Respondent.

No appearance for Real Parties in Interest.

---

OPINION

**ABBE, J.**—Richard Erwin, Public Defender of the County of Ventura, has filed a petition for a writ of mandate to compel respondent superior court to vacate its orders of April 8, 1983, appointing the Public Defender of the County of Ventura as counsel for real party in interest Edward John Gardner in five separate appeals from misdemeanor convictions. Respondent superior court has filed a brief in opposition. Real party in interest Edward John Gardner has not appeared.

The petition raises the issue whether the county public defender may be required to represent an indigent on appeal where the public defender is of the view that the appeal will not result in a reversal or modification of the conviction. As there is not a plain, speedy or adequate remedy at law, a petition for writ of mandate to vacate the order may be properly entertained. (Code Civ. Proc., § 1086; *People* v. *Superior Court (Schomer)* (1970) 13 Cal.App.3d 672, 676 [91 Cal.Rptr. 651].)

The record shows that, during the years 1981-1982, Edward Gardner was convicted of numerous misdemeanor charges. In each case, Mr. Gardner declined representation by the public defender and appeared in propria persona. In January 1983, Mr. Gardner filed notices of appeals of his convictions. On April 8, 1983, the appellate department of the superior court appointed the public defender to represent Mr. Gardner. The public defender brought a motion entitled "Declination to Prosecute Appeal." He stated therein, in his opinion, the appeals would "not reasonably be expected to result in the reversal or modification of the judgments of conviction." The motion was denied by the court on April 21, 1982, and the court ordered the public defender to prepare a settled statement and brief consistent with the procedures set forth in *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].

## DISCUSSION

■ The office of the county public defender has been a creature of statute for over 60 years. The duties of the public defender are specified in Government Code section 27706 which sets forth, in pertinent part, "The public defender shall . . . prosecute all appeals to a higher court or courts of any person who has been convicted, where, in the opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction." (See also *Ingram* v. *Justice Court* (1968) 69 Cal.2d 832, 843 [73 Cal.Rptr. 410, 447 P.2d 650, 36 A.L.R.3d 1391].) In the absence of statutory authorization the county public defender cannot be compelled to provide representation. (*Littlefield* v. *Superior Court* (1979) 98 Cal.App.3d 652, 654-655 [160 Cal.Rptr. 175].)

■ Respondent advances the argument that the county public defender is mandated to prepare a settled statement and brief in support of his request to be relieved from prosecuting an appeal. This premise misses the mark in that it confuses real party's right to counsel with the statutory duties imposed upon the county public defender. Clearly, real party is entitled to be appointed counsel for an appeal. (*Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814].) The question which needs to be addressed herein is not whether real party has a constitutional right to counsel; rather, it is whether Government Code section 27706 requires that the county public defender provide such representation.

■ In interpreting the meaning of Government Code section 27706, we are required to construe the statute with reference to the entire statutory scheme relating to the provision of counsel to indigent criminal defendants. (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].) The pertinent language in Government Code section 27706 harks back to an era prior to *Douglas* v. *California.* In that period, the appointment of appellate counsel to indigents was mandated if the reviewing court, after conducting an independent investigation of the record, determined that appointment of counsel ". . . would be of advantage to the defendant or helpful to the appellate court. . . ." (*People* v. *Hyde* (1958) 51 Cal.2d 152, 154 [331 P.2d 42].) Likewise, county public defenders provided representation for indigents on appeal only "when they considered the case had a reasonable chance for success although appeals [were] limited in some counties by heavy loads." (Note, *Representation of Indigents in California—A Field Study of the Public Defender and Assigned Counsel Systems* (1961) 13 Stan.L.Rev. 522, 562; see also, Portman, *A State Public Defender's Office: Boon or Boondoggle?* (1972) 47 State Bar J. 92, 96, fn. 27.)

In the wake of *Douglas* v. *California, supra,* 372 U.S. 353, and its progeny, the county public defender offices continued to handle some criminal appeals. Most of these appeals, however, were handled by court-appointed private counsel. (Portman, 47 State Bar J. at p. 93.) It soon became apparent that assigned counsel were frequently ill-trained to handle criminal appeals. (E.g., Assem. Interim Com. on Crim. Proceedings, Defense of Indigents in Criminal Proceedings (1965) p. 8.) It was proposed that the state establish an appellate defender to handle indigent appeals. (Assem. Interim Com. on Crim. Procedure, State-Wide Public Defender's Office (1970).)

In seeking a solution to this problem the Legislature considered the possibility of having the county public defenders provide representation in all appeals involving convicted indigents. (Portman, *supra,* 47 State Bar J. at pp. 96-97.) However, this proposal was rejected in favor of legislation authorizing the creation of the State Public Defender. (*Id.,* at p. 97.) In 1975, legislation was enacted to establish the office of the California State Public Defender. (Stats. 1975, ch. 1125, p. 2741.)

Since 1975 there have been a number of amendments to Government Code section 27706. These amendments have related to the kinds of cases in which the county public defender is required to provide representation to indigents. (See, e.g., § 27706, subd. (d).) Significantly, subdivision (a) of section 27706 remains substantially in its pre-*Douglas* form. It must be concluded that the task of providing representation to indigent criminal appellants had been assigned by the Legislature to the office of the State Public Defender (Gov. Code, § 15421) and, in certain instances, to private counsel (Pen. Code, §§ 987.2 and 1240), unless the county public defender is of the opinion that an appeal might result in a reversal or modification of judgment.

There are sound policy reasons which support California's scheme of limiting the number of appellate cases assigned to the county public defender. Many county public defender offices lack staff trained in appellate advocacy. These offices, seeking to operate in an era of reduced funding, are all too often struggling to maintain sufficient staff with which to provide adequate representation to indigents. Adding the burden of indigent appeals from misdemeanor convictions might well be the straw that breaks the back of our present system of providing counsel from county public defenders' offices to indigents at the trial level.

 It is ordered that a peremptory writ of mandate issue commanding the superior court to vacate its orders of April 8, 1983, appointing the Public Defender of the County of Ventura to represent defendant Edward John Gardner in cases number APP-1619, APP-1620, APP-1621, APP-1622

and APP-1623, entitled People of the State of California v. Edward John Gardner.

Stone, P. J., and Gilbert, J., concurred.