[No. B050964. Second Dist., Div. Six. Dec. 13, 1990.]

GLEN MOWRER, as Public Defender, etc., Petitioner, v.
THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT
OF SANTA BARBARA COUNTY, Respondent;
THOMAS CHRISTOPHER MURPHY et al., Real Parties in
Interest.

**COUNSEL**

Glen Mowrer, Public Defender, in pro. per., and Jake Stoddard, Deputy Public Defender, for Petitioner.

Wilbur F. Littlefield, Public Defender (Los Angeles), Laurence M. Sarnoff and Albert J. Menaster, Deputy Public Defenders, as Amici Curiae on behalf of Petitioner.

David Nawi, County Counsel, and Peter J. Rensel, Deputy County Counsel, for Respondent.

Lentz & Duval and Gilbert W. Lentz for Real Parties in Interest.

**OPINION**

STONE (S. J.), P. J.—Here we consider whether a county public defender is mandated by statute to provide representation to all indigent misdemeanants on appeal in the absence of a written declaration that the proposed appeal will not reasonably be expected to result in the reversal or modification of the defendant's sentence. We hold that Government Code section 27706, subdivision (a)[1] does not obligate the public defender to file such a declaration, and shall grant a peremptory writ of mandate.

## BACKGROUND

Glen Mowrer, in his capacity as Santa Barbara County Public Defender, was appointed as defense counsel for Thomas Christopher Murphy in a criminal prosecution. Acting on the advice of his counsel, Mr. Murphy entered a plea of no contest to a misdemeanor charge of being in a public place under the influence of alcohol. (Pen. Code, § 647, subd. (f).) A notice of appeal on behalf of Mr. Murphy, in propria persona, was duly filed by the public defender. The notice of appeal contained the statement that the public defender declined to represent Mr. Murphy in his appeal.

On July 11, 1989, Criminal Defense Associates, a private contractor, was appointed to represent Mr. Murphy on appeal. On February 16, 1990, Criminal Defense Associates moved to vacate the appointment. On May 9, 1990, respondent superior court appellate department vacated the appointment of Criminal Defense Associates and appointed the Santa Barbara County Public Defender to represent Mr. Murphy on appeal. It ruled that the court would not "relieve the Public Defender of his statutory duty to prosecute appeals unless he affirmatively states that in his opinion the appeal will not result in a reversal or modification of judgment." (See *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].)

On May 30, 1990, the appellate department appointed the public defender as counsel in two other appeals, and issued orders that were similar to the one made in People v. Murphy. (People v. Lionel Garza Cantu [case No. 179793] and People v. Charles Poitras [case No. 178709].)

Mowrer seeks review of these orders by way of an extraordinary writ. ■ We find that writ relief is appropriate in that there are conflicting trial

---

[1] All further statutory references are to this code unless otherwise specified.

court interpretations of the law governing the appointment of the public defender. (*Omaha Indemnity Co.* v. *Superior Court* (1989) 209 Cal.App.3d 1266, 1273-1274 [258 Cal.Rptr. 66].)

## DISCUSSION

▇ The office of the county public defender is authorized to provide representation only in those classes of cases as set forth in section 27706. (*Erwin* v. *Appellate Department* (1983) 146 Cal.App.3d 715, 718 [194 Cal.Rptr. 328].) ▇ Subdivision (a) of section 27706 provides in pertinent part that: "Upon request of the defendant or upon order of the court, the public defender shall defend . . . any person who is not financially able to employ counsel and who is charged with the commission of any . . . offense triable in the superior, municipal or justice courts at all stages of the proceedings . . . . The public defender shall, upon request, . . . prosecute all appeals to a higher court or courts of any person who has been convicted, where, in the opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction."

Significantly, the first sentence of this statute authorizes the trial court to order the appointment of the public defender at the trial phase of the case; however, the second sentence, in which appeals are discussed, makes no mention of any judicial power to appoint. In the absence of statutory authorization, respondent appellate department had no jurisdiction to compel the public defender to provide representation on appeal to indigents convicted of misdemeanors. (*Littlefield* v. *Superior Court* (1979) 98 Cal.App.3d 652, 654-655 [160 Cal.Rptr. 175].)

Respondent appellate department asserts that section 27706 contains the mandatory phrase that the public defender "shall prosecute all appeals." However, this seemingly tight-fitting cuirass of a directive is neutralized into gossamer by the fact that nowhere in the statute is the public defender required to make *any* determination of the merit of the proposed appeal. ▇ Rather, section 27706, subdivision (a) is intended to: (a) clothe the office of the county public defender with the discretion to prosecute any appeals that its staff of attorneys believe to be meritorious, and (b) ward off the blows of those seeking to improperly interfere with the exercise of that discretion. (See, e.g., *Ingram* v. *Justice Court* (1968) 69 Cal.2d 832, 843 [73 Cal.Rptr. 410, 447 P.2d 650, 36 A.L.R.3d 1391]; *Conservatorship of Berry* (1989) 210 Cal.App.3d 706, 714-717 [258 Cal.Rptr. 655]; *Littlefield* v. *Supe-*

*rior Court, supra,* 98 Cal.App.3d at p. 654; *In re Brindle* (1979) 91 Cal.App.3d 660, 679 [154 Cal.Rptr. 563].)

As we stated in *Erwin* v. *Appellate Department, supra,* 146 Cal.App.3d at page 718, section 27706 was enacted in the years prior to *Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814]. In those years, the right of an indigent defendant to appointed counsel on appeal was restricted solely to those instances in which the reviewing court was of the view that appointment of counsel "would be of advantage to the defendant or helpful to the appellate court . . . ." (*People* v. *Hyde* (1958) 51 Cal.2d 152, 154 [331 P.2d 42].) The pertinent language contained in section 27706 signifies nothing more that a statutory recitation of this pre-*Douglas* rule.

Respondent appellate department seizes upon the fact that the public defender in *Erwin* had declined to prosecute the appeal after filing a declaration that, in his opinion, an appeal would not result in the reversal or modification of the judgment. (*Erwin* v. *Appellate Department, supra,* 146 Cal.App.3d at p. 717.) However, respondent neglects to mention that the public defender in *Erwin* had refused to file a *Wende* declaration of no merit. Moreover, as mentioned above, our decision in *Erwin* was founded upon an interpretation of the statutory language of section 27706. In short, the fact that the public defender filed a declaration was wholly unnecessary to the resolution of the case. (146 Cal.App.3d at p. 719.)

CONCLUSION

There is neither statutory authorization for appellate department to order the appointment of the public defender in misdemeanor appeals nor any requirement that the county public defender file, in effect, a *Wende* declaration of no merit. Section 27706 vests the office of the county public defender with the broad discretion to choose which clients it wishes to represent on appeal. Respondent appellate department abused its discretion when it ordered the public defender to file a *Wende* declaration.

Let a peremptory writ of mandate issue directing that respondent appellate department set aside its orders of May 9, 1990, and May 30, 1990, appointing the public defender to represent defendants Thomas Christopher Murphy, Lionel Garza Cantu, and Charles Poitras in cases Nos. 177517, 179793, and 178709, respectively, and issue new orders in conformance

with the views expressed in this opinion. The temporary stay of proceedings is ordered dissolved.

Gilbert, J., and Abbe, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied March 14, 1991.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.