[No. B075503. Second Dist., Div. Four. Sept. 7, 1993.]

WILBUR F. LITTLEFIELD, as Public Defender, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
EDDIE CLYDE JACKSON, Real Party in Interest.

## COUNSEL

Wilbur F. Littlefield, Public Defender, Karen Gee and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

## OPINION

**EPSTEIN, J.**—Wilbur F. Littlefield, Public Defender of Los Angeles County, has filed a petition for a writ of mandate directing the respondent superior court to vacate and set aside its order requiring a deputy public defender to act as "standby" counsel for real party in interest defendant Eddie Clyde Jackson (Mr. Jackson), who has elected to appear in propria persona in his felony trial. We conclude that Government Code section 27706 does not authorize the court to appoint the public defender to act as standby counsel. We therefore grant the peremptory writ of mandate requested by petitioner.

FACTUAL AND PROCEDURAL SUMMARY

Mr. Jackson was charged in a two-count information with second degree robbery (Pen. Code, former § 211) and grand theft of a vehicle (Pen. Code, former § 487h, subd. (a)). The public defender was appointed to represent him. Deputy public defender Karen Gee was assigned to defend Mr. Jackson, and she appeared with him when he entered a plea of not guilty at his arraignment on January 4, 1993. On March 25, 1993, Mr. Jackson was again represented by Ms. Gee when he was rearraigned on an amended information in which it was alleged that he had suffered eight prior convictions.

On May 20, 1993, the trial judge granted Mr. Jackson's motion to proceed in propria persona and ordered "attorney Karen Gee to remain as standby counsel." Petitioner states that it objected to this order in off-the-record proceedings, but that the judge refused to rescind it. The cause was continued to May 24, 1993. On that date, the judge again ordered that Attorney Gee remain as standby counsel, once again over her objection. The cause was transferred to Department 100 for trial. Department 100 trailed the matter to May 27, 1993.

Petitioner filed a writ petition on May 25, 1993. We issued an alternative writ of mandate and temporary stay order on May 26, 1993. Written return to the writ was required to be served and filed on or before June 18, 1993. None has been received.

The petition raises a single issue: whether the court is authorized to require the public defender to appear in a "standby" capacity at the trial of a defendant who has invoked the right of self-representation and whom the public defender is no longer representing.

DISCUSSION

It is well established that a court may, and in some cases should, appoint "advisory" counsel to assist a defendant appearing in propria persona, or "standby" counsel to represent such a defendant against the possibility that termination of defendant's self-representation should become necessary. (*People* v. *Hamilton* (1989) 48 Cal.3d 1142, 1164, fn. 14 [259 Cal.Rptr. 701, 774 P.2d 730]; see also *People* v. *Bigelow* (1984) 37 Cal.3d 731, 742 [209 Cal.Rptr. 328, 691 P.2d 994, 64 A.L.R.4th 723].)

The office of the county public defender is authorized to provide representation only in those classes of cases specified in Government Code

section 27706.[1] (*Mowrer v. Appellate Department* (1990) 226 Cal.App.3d 264, 267 [276 Cal.Rptr. 38]; *Littlefield v. Superior Court* (1979) 98 Cal.App.3d 652, 654 [160 Cal.Rptr. 175].) Pursuant to subdivision (a) of that statute, it is the duty of the public defender to defend "any person who is not financially able to employ counsel and who is charged with the commission of any contempt or offense triable in the superior, municipal or justice courts at all stages of the proceedings, including the preliminary examination. The public defender shall, upon request, give counsel and advice to such person about any charge against the person upon which the public defender is conducting the defense. . . ."

■ The term "defense" in section 27706 was construed in *Ligda v. Superior Court* (1970) 5 Cal.App.3d 811 [85 Cal.Rptr. 744], to embrace " 'the assistance of counsel for his defense' as specified in the Sixth Amendment. That assistance clearly embraces more than control of the case in formal proceedings. To assist in summoning witnesses, as the trial court indicated [the deputy] should do under the assignment made, was entirely germane to the defense (Pen. Code, § 686; Cal. Const., art. I, § 13; Pen. Code, § 1326, subd. 3)." (*Id.* at p. 825.) In *Ligda*, the deputy public defender assigned to represent a criminal defendant volunteered to continue to assist the defendant after the defendant invoked his right of self-representation. (*Id.* at pp. 817-818.) In granting the defendant's motion for self-representation, the trial court noted that the deputy had " 'indicated his willingness to provide any continuing counsel if you wish his assistance during trial, to be present, and you may have that.' " (*Id.* at p. 818.) The county public defender subsequently sought a writ of prohibition to annul the trial court's order. The appellate court concluded that, under the circumstances, the trial court did not exceed its jurisdiction in ordering the deputy public defender to attend the defendant's trial and stand by to give such assistance as may be required. (*Id.* at p. 820; see also *Conservatorship of Berry* (1989) 210 Cal.App.3d 706 [258 Cal.Rptr. 655] [under sections 27706 and 27707, the public defender may choose to represent a client].)

This case is factually distinguishable from *Ligda*. Here, the public defender, through his deputy, did not volunteer to assist Mr. Jackson and immediately objected to the court's order that the deputy act as standby counsel. The deputy was given no concrete task to perform, such as subpoenaing witnesses or providing legal assistance to Mr. Jackson. Her sole assignment, as far as the record shows, was literally to stand by against the circumstance that it became necessary to revoke Mr. Jackson's propria persona status and to appoint counsel to take over the defense of his case.

---

[1] All further statutory references are to the Government Code unless otherwise stated.

We find no case that has expressly decided whether the court may direct the public defender to serve as standby counsel.[2]

█ We conclude that the court is not empowered to appoint that office to serve as "standby" counsel. The court's authority in appointing the public defender is limited to appointments to defend a person charged with a crime, or at least to assist in the defense of such person. (See, e.g., *Ligda* v. *Superior Court, supra,* 5 Cal.App.3d at p. 824.) A standby counsel represents no one. Like an understudy in a play, his or her task is to wait in readiness to play a role should the occasion arise. Standing by is not defending.

Since it lacked statutory authority to appoint the public defender, the respondent court acted in excess of its powers in ordering the public defender to act as "standby" counsel for a defendant not represented by that officer. (See *Littlefield* v. *Superior Court, supra,* 98 Cal.App.3d at pp. 654-655 [trial court exceeded its jurisdiction in appointing the public defender to represent an indigent defendant in a civil paternity action since section 27706 does not authorize the public defender to do so]; *Mowrer* v. *Appellate Department, supra,* 226 Cal.App.3d at p. 268 [trial court exceeded its jurisdiction in ordering public defender to represent indigent appellant in appeal from misdemeanor conviction].) We emphasize, however, that we reach this conclusion in light of the Government Code provision; we express no reservation about the court's authority to appoint private counsel to serve as standby counsel in an appropriate case.

### DISPOSITION

It is ordered that a peremptory writ of mandate issue commanding respondent superior court to vacate its orders of May 20 and 24, 1993, ordering petitioner to appear as standby counsel for defendant Eddie Clyde Jackson in case No. BA 068858 entitled The People of the State of California v. Eddie Clyde Jackson, and thereafter proceed according to law.

The temporary stay of trial issued by this court on May 26, 1993, is terminated.

Vogel (C. S.), J., concurred.

---

[2]In *Chaleff* v. *Superior Court* (1977) 69 Cal.App.3d 721, 725, footnote 2 [138 Cal.Rptr. 735], the court declined to express agreement or disagreement with the holding of *Ligda* v. *Superior Court, supra,* 5 Cal.App.3d 811, that a consenting deputy public defender may be appointed to serve as advisory counsel despite the absence of authority for such an appointment in section 27706. A concurring justice expressed the view that, while the trial court "may have properly exercised its inherent power in appointing attorney Chaleff as 'standby counsel' it (the court) improperly exercised that power by ordering attorney Chaleff to serve as 'advisory counsel.'" (69 Cal.App.3d at p. 731.)

**WOODS (A. M.), P. J.**—I respectfully dissent.

I do not believe that the superior court exceeded its authority under Government Code section 27706 by ordering the public defender, who had answered ready, to remain present during the trial of the now in propria persona defendant, and "to be ready to step in and take this trial over" at any point during the trial.

In *Ligda* v. *Superior Court* (1970) 5 Cal.App.3d 811 [85 Cal.Rptr. 744], the court held that the public defender's statutory duty to defend indigent defendants encompassed more than formal representation and that the trial court was empowered to appoint the public defender as standby counsel.

The court observed, "The legislative intent in the progressive expansion of the duties of the public defender [citations] seems clear. The purpose is, to keep pace with the progressive requirements of due process of law, declared in the decisions of our Supreme Courts, in providing counsel for indigent defendants. The word 'defense' is clearly to be interpreted as embracing 'the assistance of counsel for his defense' as specified in the Sixth Amendment. . . . To assist in summoning witnesses, as the trial court indicated Mr. Camden should do under the assignment made, was entirely germane to the defense. [Citations.] [¶] . . . . [¶] To defend a person on trial before a court, is, in our opinion, not equivalent to the provision to conduct the defense of such a person. While the first is necessarily included in the latter, the defense of a person may, as here, embrace much more. [Citations.]" (5 Cal.App.3d at p. 825.)

Furthermore, the *Ligda* court went on to say that the appointment of the public defender as standby counsel was an action within the inherent power of the court. "It is true a public defender is not per se a court attache. [Citation.] Yet, a public defender is such a 'ministerial officer,' and an attorney is a 'person specially vested with ministerial powers in relation to the courts of justice' (Code Civ. Proc., part I, tables IV and V headings and contents); and in either capacity was clearly embraced as one of 'all other persons in any manner connected with a judicial proceeding' before the court (Code Civ. Proc., § 128)." (5 Cal.App.3d at p. 826.) Accordingly, "[t]he deputy public defender who had been ordered to assist in conduct of the case was a person connected with a judicial proceeding before the court. Upon relieving him as counsel in a pending case, the court had the power to require him, both as an officer of the court as an attorney, and in his official capacity, to continue to 'assist' the defendant, pursuant to the constitutional mandate. As an attorney, his consent to such a role had been manifested. As public defenders, neither Mr. Camden nor his superior, Mr. Ligda, had power to defy the valid order of the court." (*Ibid.*)

While I acknowledge the factual distinction between *Ligda*, in which the public defender initially consented to standby status, and this case, in which she did not, nonetheless, the reasoning of *Ligda* leads me to conclude that this difference does not deprive the court of the authority to require the public defender to serve as standby counsel. The need for this authority is exemplified by the trial court's expressed concern in this case that Mr. Jackson might decide not to proceed or "act up" in the courtroom and have to be restrained or removed. "I suspect Mr. Jackson may try that and you are ordered to be ready to step in."

While I agree with the majority's final observation regarding the court's authority to appoint private counsel to standby status, that would have caused substantial delay in this case. The potential availability of private counsel is not sufficient reason for me to join in the majority's analysis or its conclusion which, while purporting to distinguish *Ligda*, in fact disagrees with it, without, in my view, sufficient justification. I believe that *Ligda* is controlling authority and supports the action of the trial court herein.

I would deny the writ.