646 So.2d 837 (1994)
Jack BEHR, Public Defender, First Judicial Circuit, Petitioner,
v.
Frank L. BELL, as Circuit Judge of the First Judicial Circuit, Respondent.
No. 94-3327.
District Court of Appeal of Florida, First District.
December 15, 1994.
Jack Behr, Public Defender, for petitioner.
No appearance for respondent.
PER CURIAM.
Paul Jennings Hill was charged with two counts of first degree murder and one count of attempted first degree murder in the First Judicial Circuit. Hill was determined to be indigent and the public defender for that circuit, Jack Behr, was appointed to represent him in the prosecution. Hill filed a motion for leave to represent himself at trial. The trial court, Honorable Frank L. Bell presiding, held a hearing and determined that Hill's motion for self-representation should be granted. Over the objection of an assistant public defender, the public defender was appointed to serve as "standby counsel." In his written order Judge Bell found that Hill was competent and had knowingly and intelligently waived his right to counsel for trial. The public defender was appointed as
"standby counsel" to aid the Defendant if and when the Defendant requests help, and to be available to represent the Defendant in the event that termination of the Defendant's self-representation is necessary. As "standby counsel," the Public Defender's Office should continue to be involved in the trial process to the extent that a delay or continuance will not be required in the event that termination of the Defendant's self-representation is necessary.
The public defender timely petitioned this court for a writ of prohibition or certiorari for review of this order. He acknowledged that the concept of "standby counsel" has been approved in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The public defender argued that, as *838 a creature of statute, he is limited by law in the representation he can provide. See, e.g., Behr v. Gardner, 442 So.2d 980 (Fla. 1st DCA 1983) (public defender cannot be appointed to serve as co-counsel to privately retained counsel who has been hired by third parties to represent an indigent defendant). According to petitioner, the only case on point disapproved the appointment of the public defender as "standby counsel." Hammond v. State, 264 So.2d 463 (Fla. 4th DCA 1972). This court denied the petition by unpublished order with a commitment therein to issue an opinion setting forth our rationale.
As a preliminary matter, petitioner did not allege that the trial court acted without jurisdiction and therefore he made no colorable claim for issuance of the writ of prohibition. See English v. McCrary, 348 So.2d 293 (Fla. 1977). The petitioner's proper remedy, if any, is a writ of certiorari. However, the order of the trial court was not a departure from the essential requirements of law.
After Faretta, it is clear that the trial court may appoint "standby counsel" for a defendant who successfully asserts his right to represent himself at trial. Thus, the only question presented here is whether Florida law permits the public defender to be appointed to this particular role where the self-representing party is financially unable to afford his own counsel. Section 27.51(1), Florida Statutes, provides that the public defender shall represent indigent defendants charged with a felony. We find that the term "represent" can be read broadly enough to include the role of "standby counsel" in circumstances such as these. Petitioner's reliance on Hammond is misplaced. That case was decided three years prior to Faretta and it appears to be a general condemnation of the concept of "standby counsel." Its continued vitality is doubtful after Faretta. We do not find that Hammond supports the petitioner's proposition that the appointment of the public defender to serve as "standby counsel" is impermissible once the court determines "standby counsel" should be appointed.
After the issuance of this court's unpublished order, petitioner brought to this court's attention the decision of Littlefield v. Superior Court, 18 Cal. App.4th 856, 22 Cal. Rptr.2d 659 (1993). This is apparently the only reported decision which has squarely addressed the question presented here and, in a two-to-one decision, the court found that the appointment of the public defender to serve as "standby counsel" was not authorized by state law. The majority noted that the controlling California statute authorizes the public defender to "defend" persons charged with crimes and concluded that "[s]tanding by is not defending." Id. 18 Cal. App.4th 856, 22 Cal. Rptr.2d at 661. We choose not to follow Littlefield, finding that the majority's reliance on earlier California precedent in construing the term "defend" militates against adopting the reasoning of the majority in construing section 27.51(1), Florida Statutes, which by contrast provides that the public defender shall "represent" indigent defendants. Moreover, the public defender in the instant case was given responsibilities as "standby counsel" for defendant Hill which went beyond those assigned to the public defender by the trial court in Littlefield.
The appointment of the public defender to serve as "standby counsel" is authorized by section 27.51(1), Florida Statutes, and therefore the petition for writ of prohibition or certiorari was and is DENIED.
ERVIN, JOANOS and BARFIELD, JJ., concur.