[No. F036834. Fifth Dist. Dec. 20, 2000.]

CHARLES P. DREILING, as Public Defender, etc., Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

## COUNSEL

Charles P. Dreiling, Public Defender, and Garrick Byers, Deputy Public Defender, for Petitioner.

Phillip S. Cronin, County Counsel, and J. Wesley Merritt, Deputy County Counsel, for Respondent.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, and Kelly E. Lebel, Deputy Attorney General, and Keith David Goodwin, in pro. per., for Real Parties in Interest.

## OPINION

**THE COURT.\***—The petition challenges the order of Honorable Wayne R. Ellison that Deputy Public Defender Ron Perring act as "stand-by counsel" and attend Mr. Keith David Goodwin's trial so that he would be available to pick up the case immediately should the court withdraw Goodwin's self-representation. Petitioner contends this is unlawful in that it violates Government Code section 27706 concerning what services the county public defender can provide. We agree and therefore grant the peremptory writ of mandate requested by petitioner.

### STATEMENT OF THE CASE AND FACTS

Mr. Goodwin's first trial resulted in a mistrial because of a hung jury. Thereafter, Mr. Goodwin successfully moved to represent himself in his new trial. The court granted the motion and ordered Deputy Public Defender Perring to "remain as stand-by counsel, meaning he is going to be sitting in the audience in this case throughout the trial. And if there is any problem at all where you're relieved as your own attorney, he is going to step right into the case and we're going to continue as if there had been no interruption in the proceedings, if you understand what I'm saying." The court stated that it would be appropriate for Perring to be at the pretrial in case Goodwin was to

---

*Before Thaxter, Acting P. J., Harris, J., and Buckley, J.

change his mind about self-representation. ■ The public defender objects to these orders claiming that Government Code section 27706 does not permit a county public defender to be appointed for pure standby counsel duties.

## DISCUSSION

Government Code section 27706 provides:

"The public defender shall perform the following duties:

"(a) Upon request of the defendant or upon order of the court, the public defender shall defend, without expense to the defendant, except as provided by Section 987.8 of the Penal Code, any person who is not financially able to employ counsel and who is charged with the commission of any contempt or offense triable in the superior or municipal courts at all stages of the proceedings, including the preliminary examination. The public defender shall, upon request, give counsel and advice to such person about any charge against the person upon which the public defender is conducting the defense, and shall prosecute all appeals to a higher court or courts of any person who has been convicted, where, in the opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction."

In *Littlefield v. Superior Court* (1993) 18 Cal.App.4th 856, 860 [22 Cal.Rptr.2d 659] (*Littlefield*), the Second District Court of Appeal held, interpreting Government Code section 27706, that the trial court is not empowered to appoint the public defender to serve as standby counsel and therefore the public defender may not be so appointed. The court concluded, "The court's authority in appointing the public defender is limited to appointments to defend a person charged with a crime, or at least to assist in the defense of such person. [Citation.] A standby counsel represents no one. Like an understudy in a play, his or her task is to wait in readiness to play a role should the occasion arise. Standing by is not defending." (18 Cal.App.4th at p. 860.)

We find *Littlefield*'s analysis controlling. "Since it lacked statutory authority to appoint the public defender, the respondent court acted in excess of its powers in ordering the public defender to act as 'standby' counsel for a defendant not represented by that officer." (*Littlefield, supra,* 18 Cal.App.4th at p. 860.)

## DISPOSITION

The order to show cause is discharged. Let a peremptory writ of mandate issue commanding the superior court to vacate its order of October 12, 2000,

directing the public defender to appear as standby counsel for Mr. Goodwin in Fresno County case No. 650531-7, entitled *People v. Keith David Goodwin*, and thereafter proceed according to law.

The temporary stay issued by this court on November 2, 2000, is terminated.