PER CURIAM.
William Nathaniel Taylor appeals his convictions and sentences for aggravated battery and resisting arrest without violence. Taylor argues the trial court reversibly erred when, believing it could not appoint standby counsel, it forced him to be represented at trial by appointed counsel despite finding he had knowingly and voluntarily waived counsel and had unequivocally asserted his right to self-representation. We agree, and the State properly concedes that the trial court erred. See Behr v. Bell, 646 So.2d 837, 837 (Fla. 1st DCA 1994) (“After Faretta [v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ], it is clear that the trial court may appoint ‘standby counsel’ for a defendant who successfully asserts his right to represent himself at trial.”); see also McKenzie v. State, 29 So.3d 272, 284 (Fla.2010) (observing that standby counsel can help defendant “overcome procedural or evidentiary obstacles” without infringing on defendant’s constitutional right to self-representation). Because the error in not allowing Taylor to defend himself is structural and not subject to harmless error review, see Neal v. State, 132 So.3d 949, 951 (Fla. 1st DCA 2014), we reverse and remand for a new trial.
REVERSED and REMANDED.
VAN NORTWICK, PADOVANO and MARSTILLER, JJ., concur.