Filed 11/12/19; On remand

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHRISTOPHER GARDNER,<br>as Public Defender, etc., | E066330 |
| Petitioner, | (Super.Ct.Nos. CIVDS1610302 &<br>ACRAS 1600028) |
| v. | OPINION |
| APPELLATE DIVISION OF THE<br>SUPERIOR COURT OF SAN<br>BERNARDINO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Michael A. Knish,

Annemarie G. Pace and Carlos M. Cabrera, Judges. Petition granted.

G. Christopher Gardner, Public Defender, Thomas W. Sone, Assistant Public

Defender, Jennie Cannady, Chief Deputy Public Defender, and Stephan J. Willms,

Deputy Public Defender, for Petitioner.

Robert L. Driessen for Respondent.

1

No appearance for Real Party in Interest.

In this case, the California Supreme Court has already held that, when the People appeal from a suppression order in a misdemeanor case, the defendant, if indigent, has a right to appointed counsel.  It remanded to us to determine whether the Public Defender's[1] appointment for purposes of trial continues for purposes of the appeal, or whether, on the other hand, the appellate division must appoint new counsel.  We will hold that the appellate division must appoint new counsel, because the trial court is not statutorily authorized to appoint the Public Defender under these circumstances.

I

FACTUAL AND PROCEDURAL BACKGROUND

Ruth Zapata Lopez was charged with two misdemeanor counts of driving under the influence (Veh. Code, § 23152, subds. (a), (b)) with a prior conviction for driving under the influence (Veh. Code, § 23540, subd. (a)).  The Public Defender was appointed to represent her, and his deputy successfully moved to suppress evidence.  (Pen. Code, § 1538.5.)  The trial court then dismissed both counts in the interest of justice.  (Pen. Code, § 1385, subd. (a).)

The People filed a notice of appeal from the order granting the suppression motion.  (Pen. Code, § 1538.5, subd. (j).)  California Rules of Court, rule 8.851(a) and (b) allow the appellate division to appoint counsel only for an indigent defendant who has

---

[1]    We use "the Public Defender," capitalized, to refer to petitioner, the Public Defender of San Bernardino County.  We use "the public defender," uncapitalized, to refer to a public defender in general.

2

been "convicted of a misdemeanor." Nevertheless, the Public Defender filed a request with the appellate division to appoint counsel for Lopez on appeal. Through its clerks, the appellate division responded that Lopez was not eligible for appointment of counsel on appeal, because she was the respondent. It also took the "position . . . that the P[ublic] D[efender] is still counsel . . . ."

The Public Defender filed a petition for writ of mandate in this court. The petition sought a writ of mandate directing the appellate division to appoint counsel for Lopez and for all other indigent appellees in appeals in misdemeanor cases. It also sought a judgment declaring either (1) that the superior court "may not appoint the Public Defender to represent indigent appellees in misdemeanor criminal appeals," or that (2) "the Public Defender . . . remain[s] appointed in cases where the Public Defender previously represented an indigent appellee in the Superior Court."

We denied the petition. We held that, under the circumstances, Lopez had no right to appointed counsel under the federal constitution or the California Rules of Court. (*Morris v. Superior Court* (2017) 225 Cal.Rptr.3d 749, pet. for rev. granted, Feb. 28, 2018, S246214.) We therefore did not address the Public Defender's contentions as to who must be appointed.

The Supreme Court granted the Public Defender's petition for review. It then held that Lopez had a right to appointed counsel under the state constitution. (*Gardner v. Appellate Division* (2019) 6 Cal.5th 998.) It concluded its opinion by saying: "[T]he question remains whether the appellate division must appoint a new attorney to represent

3

her, as [the Public Defender] had argued below, or whether the [P]ublic [D]efender continues to represent her pursuant to the original appointment. . . . We leave it to the Court of Appeal to resolve this issue in the first instance." (*Id*. at p. 1011.)

II

THE PUBLIC DEFENDER CANNOT BE APPOINTED TO REPRESENT

A MISDEMEANOR DEFENDANT IN AN APPEAL BY THE PEOPLE

The Public Defender contends that there is no statutory authority for him to be appointed to represent a misdemeanor defendant in an appeal by the People. Logically, if he cannot be appointed in the appeal *at all*, then his original appointment by the trial court cannot continue on into the appeal; thus, the appellate division must appoint new counsel — and, moreover, that new counsel cannot be the Public Defender.

Since 1948, Government Code section 27000 has allowed counties to establish a public defender's office. The duties of the public defender are prescribed by Government Code section 27706 (section 27706), of which only subdivision (a) (section 27706(a)) is relevant here. Section 27706(a) has two sentences.

The first sentence provides: "*Upon request* of the defendant or *upon order of the court*, the public defender shall defend . . . any person who is not financially able to employ counsel and who is charged with the commission of any . . . offense triable in the superior courts *at all stages of the proceedings* . . . ." (§ 27706(a), italics added.)

The second sentence provides: "The public defender shall, *upon request*, give counsel and advice to such person about any charge against the person upon which the

4

public defender is conducting the defense, *and shall prosecute all appeals* to a higher court or courts of any person who has been *convicted*, where, in the opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction." (§ 27706(a), italics added.)

It has repeatedly been held that section 27706 is exclusive: "In the absence of statutory authorization the county public defender cannot be compelled to provide representation. [Citation.]" (*Erwin v. Appellate Department* (1983) 146 Cal.App.3d 715, 718; accord, *Mowrer v. Appellate Department* (1990) 226 Cal.App.3d 264, 267; *Littlefield v. Superior Court* (1979) 98 Cal.App.3d 652, 654-655.)

*Erwin v. Appellate Department*, *supra*, 146 Cal.App.3d 715 held that section 27706(a) did not authorize the appellate department[2] to compel the public defender to represent a defendant in an appeal from a misdemeanor conviction — at least when the public defender did not believe the appeal would result in reversal or modification of the judgment. It reasoned that the Legislature had deliberately limited the public defender's scope of representation to appeals that he or she believed would result in reversal or modification; in all other appeals, "the task of providing representation to indigent criminal appellants had been assigned by the Legislature to the office of the State Public

---

[2] What was called the appellate department when *Erwin* was decided is now called the appellate division. (See generally *Snukal v. Flightways Mfg., Inc.* (2000) 23 Cal.4th 754, 763, fn. 2.)

Defender [citation] and, in certain instances, to private counsel [citations] . . . ."**3** (*Id.* at p. 719.)

It also stated: "There are sound policy reasons which support California's scheme of limiting the number of appellate cases assigned to the county public defender. Many county public defender offices lack staff trained in appellate advocacy. These offices, seeking to operate in an era of reduced funding, are all too often struggling to maintain sufficient staff with which to provide adequate representation to indigents. Adding the burden of indigent appeals from misdemeanor convictions might well be the straw that breaks the back of our present system of providing counsel from county public defenders' offices to indigents at the trial level." (*Erwin v. Appellate Department*, *supra*, 146 Cal.App.3d at p. 719.)

Thereafter, in *Mowrer v. Appellate Department*, *supra*, 226 Cal.App.3d 264, the same panel held that section 27706(a) did not authorize the appellate department to compel the public defender to represent a defendant in *any* appeal from a misdemeanor conviction — *even when* the public defender refused to state a belief that the appeal would result in reversal or modification of the judgment. It explained that "the first sentence of this statute authorizes the trial court to order the appointment of the public defender at the trial phase of the case; however, the second sentence, in which appeals are

---

**3** Since *Erwin* was decided, in felony cases, the task of representing indigent defendants on appeal has largely been reassigned from the State Public Defender to nonprofit appellate projects. (See ADI's History <http://www.adi-sandiego.com/about/history.asp>, as of Nov. 6, 2019.)

discussed, makes no mention of any judicial power to appoint." (*Id*. at p. 267.) It further explained that the second sentence was intended to give the public defender discretion to prosecute appeals, but it did not authorize a court to compel the public defender to do so. (*Id*. at pp. 267-268.)

The first sentence of section 27706(a) allows a court to appoint the public defender to represent a defendant "at all stages of the proceedings." *Erwin*, however, necessarily implied that this does not include a defendant's appeal from a misdemeanor conviction. Moreover, *Mowrer* came right out and held that the first sentence applies only in "the trial phase." We agree. Had the Legislature intended "all stages of the proceedings" to include an appeal, it would not have added the second sentence, which deals specifically with appeals, and which provides that the public defender has a duty to represent a defendant in an appeal only under limited circumstances.

Regarding the second sentence of section 27706(a), *Mowrer* held that it does not give the trial court the power to appoint the public defender in an appeal against his or her will. Once again, we agree. "It is a general rule of statutory construction that '[w]hen one part of a statute contains a term or provision, the omission of that term or provision from another part of the statute indicates the Legislature intended to convey a different meaning.' [Citations.]" (*Klein v. United States of America* (2010) 50 Cal.4th 68, 80.) Hence, we presume that, by repeating "upon request" but not "upon order of the court" in the second sentence, the Legislature meant to prohibit a court from appointing the public defender in an appeal.

Separately and alternatively, the second sentence only allows a public defender to "prosecute" an appeal on behalf of a person who has been "convicted." Thus, even assuming *Mowrer* was wrong, and this sentence does allow a court to appoint the public defender in a *defendant's* appeal from a misdemeanor *conviction*, a court cannot compel the public defender to represent a misdemeanor defendant in the *People's* appeal from a *preconviction* ruling or a dismissal.

We express no opinion as to whether the public defender could *choose* to represent a defendant in an appeal by the People and/or a defendant who has not been convicted. "In determining whether to provide the services of his office, the public defender 'exercises an original power vested in him by statute, not superior to but coequal with the power of the court' to determine whether a person is entitled to be represented by the public defender. [Citation.]" (*In re Brindle* (1979) 91 Cal.App.3d 660, 681.)

The respondent court argues that *Ingram v. Justice Court* (1968) 69 Cal.2d 832 "adopted an expansive interpretation of Government Code section 22706." *Ingram*, however, merely held that the public defender has the authority to represent a defendant in a collateral attack on a final judgment of conviction. (*Id*. at pp. 835, 842-844.) It explained: "The intent of the Legislature in specifically authorizing the public defender to prosecute an appeal was to insure his continued representation whenever he reasonably believed that the judgment of conviction was defective and hence subject to 'reversal or modification.' . . . '[T]he questions that may be raised on *coram nobis* are as crucial as those that may be raised on direct appeal' [citation]. Accordingly, if the public defender

reasonably believes that a judgment, although final, is so defective as to be subject to a successful collateral attack, whether by *coram nobis* or habeas corpus, it does no violence to the statute to allow him to represent such an indigent at the latter's request." (*Id*. at p. 843.)

Thus, *Ingram* did not hold that section 27706 must be broadly construed in all respects. It merely held that, by using the word "appeals," the Legislature did not intend to exclude collateral attacks that are the functional equivalent of appeals. Both *Erwin* and *Mowrer* were decided after *Ingram*; indeed, they both cited *Ingram*. (*Mowrer v. Appellate Department*, *supra*, 226 Cal.App.3d at p. 267; *Erwin v. Appellate Department*, *supra*, 146 Cal.App.3d at p. 718.) Nevertheless, they both held that the Legislature *did* intentionally restrict the scope of the second sentence of section 27706, for policy reasons. *Ingram* therefore does not allow us to ignore these restrictions.

The respondent court also argues that "an interlocutory appeal, as in the case at hand, is part of the pretrial process and should be handled by the same attorney who is handling all of the remaining pretrial stages. [¶] It would be nonsensical for the public defender to request private counsel to step in on preliminary hearings, . . . lineups, postindictment interrogations, plea negotiations, [or] sentencing . . . . However, by seeking private counsel on an interlocutory appeal, the public defender is asking to remove themselves from a critical stage of the pretrial process."

Actually, this is not an interlocutory appeal; there has been a final judgment of dismissal. We recognize, however, that the People can appeal from a suppression order

9

even when it is not followed by a dismissal. (*People v. Gallagher* (2009) 171 Cal.App.4th Supp. 1, 4-5.) In a felony case, the People can also appeal from certain pretrial rulings. (Pen. Code, § 1238, subds. (a)(1), (a)(2), (a)(11).) In such an appeal, an indigent defendant would normally be represented by appointed counsel other than the public defender. We see no reason for a different outcome in a misdemeanor case.

Whether the public defender should handle a preconviction appeal is a policy question. To answer it, the decisionmaker must weigh continuity of representation against other values, including those stated in *Erwin* — the public defender's limited expertise in appeals and limited funding. Such a decision is for the Legislature, not for us, and the Legislature has made it in section 27706(a).

Finally, the respondent court argues that the appointment of anyone other than the public defender to handle the appeal would "interfere with [the] existing attorney-client relationship . . . ." However, this is equally true of a garden-variety appeal by a defendant from a conviction, yet the defendant in such an appeal has no right to have the public defender appointed.

We therefore conclude that the trial court — whether sitting as the criminal division or as the appellate division — has no authority to appoint the Public Defender to represent Lopez in the People's appeal. Because Lopez has a right to counsel, the appellate division must appoint someone other than the Public Defender to represent her. We leave it up to the appellate division to determine how best to do so.

10

III

DISPOSITION

Let a writ of mandate issue directing the appellate division of the superior court to appoint counsel for Lopez other than the Public Defender. We do not rule on the Public Defender's request that we direct the appointment of counsel for other indigent appellees, because we presume that the appellate division will follow the precedent set in this case; if it does not, other indigent appellees will have their own remedy by way of writ or appeal.

The Public Defender is directed to prepare the writ of mandate and to have it issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.

CERTIFIED FOR PUBLICATION

RAMIREZ            
                              P. J.


We concur:

McKINSTER            
                    J.

CODRINGTON            
                    J.


11