Filed 8/20/21  Lewis v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| ROBIN LEWIS,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | F082686<br><br>(Super. Ct. Nos. M20925618, 0002948)<br><br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of mandate.  F. Brian Alvarez, Judge.

Antoinette Taillac, Fresno County Public Defender, and Griffin Estes, for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and David A. Lowe, Deputy Attorneys General, for Real Party in Interest.

-ooOoo-

---

[*]     Before Detjen, Acting P.J., Smith, J. and Snauffer, J.

On April 22, 2021, petitioner, Robin Lewis, filed a "Petition for Writ of Mandate," challenging the superior court's April 1, 2021 order denying appointment of additional counsel on appeal. Instead, the court required the Fresno County Public Defender's Office to represent petitioner in her misdemeanor appeal before the Appellate Division of the Fresno County Superior Court. The superior court acknowledged petitioner was entitled to appointment of counsel on appeal under the California Constitution. However, under Government Code section 27706, a court cannot compel the public defender to represent a misdemeanor defendant in an appeal from a preconviction ruling, as is the case here. Writ relief is therefore warranted.

## FACTUAL AND PROCEDURAL HISTORY

On December 22, 2020, a misdemeanor criminal complaint was filed in Fresno County Superior Court against petitioner. The complaint alleged two counts, possession of drug paraphernalia in violation of Health & Safety Code section 11364, and possession of a controlled substance in violation of Health & Safety Code section11377, subdivision (a). On February 4, 2021, petitioner was appointed representation by the Fresno County Public Defender's Office and waived formal arraignment and the reading of her rights. Petitioner moved to suppress evidence under Penal Code section 1538.5. A hearing on the suppression motion was held on February 25, 2021, at which the judge denied the motion.

Petitioner filed a notice of appeal from the denial of the suppression motion on March 26, 2021. The same day, petitioner filed a "Request for Court-Appointed Lawyer in Misdemeanor Appeal" using California Judicial Counsel Form CR-133. On April 1, 2021, the appellate division of the superior court issued an order denying the request for counsel. The court acknowledged petitioner, as an indigent defendant, was entitled to appointment of counsel on appeal under article I, section 15 of the California Constitution. But as to the discretion of public defenders to prosecute appeals set forth in

2

Government Code section 27706, the court did not believe it was interfering with such discretion by denying the request for additional appointed counsel and requiring the public defender to prosecute the appeal.

On April 22, 2021, petitioner filed the instant petition seeking an order mandating the Appellate Division of the Fresno County Superior Court vacate is ruling denying appointment of counsel and issue a ruling appointing counsel other than the public defender to represent petitioner in the interlocutory appeal.

On June 7, 2021, petitioner filed a request to stay the proceedings before the appellate division of the superior court. We issued a stay on June 17, 2021, pending our determination of the petition and directed the parties to provide informal briefing. The stay and briefing order also notified the parties this court may elect to issue an order for peremptory relief in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.) Briefing having been submitted, the matter stands ready for adjudication.

## DISCUSSION

There is no question defendant is entitled to representation of counsel in her criminal proceeding. "The defendant in a criminal cause has the right to a speedy public trial, to compel attendance of witnesses in the defendant's behalf, to have the assistance of counsel for the defendant's defense …." (Cal. Const., art. I, sec. 15.) Further, the California Rules of Court explicitly extend the right to counsel to the appointment of appellate counsel in interlocutory misdemeanor proceedings conducted before the appellate division of the superior court. "On application, the appellate division must appoint appellate counsel for a defendant who was represented by appointed counsel in the trial court or establishes indigency and who: [¶] … [¶] (B) Is charged with a misdemeanor and the appeal is a critical stage of the criminal process." (Cal. Rules of Court, rule 8.851(a).)

3

The question raised by this petition is who should represent petitioner in the proceeding. This issue was recently addressed in *Gardner v. Appellate Division of Superior Court* (2019) 41 Cal.App.5th 1139, 1142 (*Gardner*), under nearly identical procedural circumstances. In *Gardner*, the People appealed a suppression motion in a misdemeanor criminal proceeding to the appellate division of the superior court. Upon review of the relevant statutory authority governing the duties of public defenders, the court held the superior court must appoint new counsel, because the trial court is not statutorily authorized to appoint the public defender under those circumstances. (*Gardner*, at p. 1142.)

The duties of the public defender are prescribed by Government Code section 27706, subdivision (a), which states:

"The public defender shall perform the following duties:

"(a) Upon request of the defendant or upon order of the court, the public defender shall defend, without expense to the defendant, any person who is not financially able to employ counsel and who is charged with the commission of any contempt or offense triable in the superior courts at all stages of the proceedings, including the preliminary examination. The public defender shall, upon request, give counsel and advice to such person about any charge against the person upon which the public defender is conducting the defense, and shall prosecute all appeals to a higher court or courts of any person who has been convicted, where, in the opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction." (Gov. Code, § 27706.)

Two phrases in the second sentence of Government Code section 27706, subdivision (a) were persuasive to the *Gardner* court finding the public defender could not be compelled to provide appellate representation. First, the use of the term " 'upon request' " but not " 'upon order of the court' " indicated the Legislature meant to prohibit a court from appointing the public defender in an appeal. (See *Gardner*, *supra*, 41 Cal.App.5th at p. 1145.) Second, the same sentence of Government Code section 27706

4

"only allows a public defender to 'prosecute' an appeal on behalf of a person who has been 'convicted.' " (*Ibid*.)  Even if the sentence does allow a court to appoint the public defender in an appeal from a misdemeanor conviction, "a court cannot compel the public defender to represent a misdemeanor defendant in the *People's* appeal from a *preconviction* ruling or a dismissal." (*Ibid*.; see *Mowrer v. Appellate Department* (1990) 226 Cal.App.3d 264, 268 ["Section 27706 vests the office of the county public defender with the broad discretion to choose which clients it wishes to represent on appeal."].)  The *Gardner* court summarized, "Whether the public defender should handle a preconviction appeal is a policy question.  To answer it, the decision maker must weigh continuity of representation against other values, including those stated in *Erwin* [*v. Appellate Department* (1983) 146 Cal.App.3d 715]—the public defender's limited expertise in appeals and limited funding.  Such a decision is for the Legislature, not for us, and the Legislature has made it in [Government Code] section 27706(a)." (*Gardner*, *supra*, 41 Cal.App.5th at p. 1147.)

The statutory interpretation conducted in *Gardner* is sound, and the Attorney General, responding on behalf of real party in interest, reached the same conclusion.  He concluded, "in light of the decision in *Gardner* [], it is evident that additional appointed counsel should be someone other than the public defender" and the writ petition be granted.  We agree and direct the issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at pp. 177–180.)  The parties were properly notified a peremptory writ may issue.  Further, petitioner's right to relief is obvious and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument.  (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

5

**DISPOSITION**

Let a peremptory writ issue directing the Appellate Division of the Fresno County Superior Court to:  (1) vacate its April 1, 2021 order denying the "Request for Court-Appointed Lawyer in Misdemeanor Appeal," (2) grant the request, and (3) appoint counsel other than the public defender to represent petitioner on appeal.

The order staying the proceedings, issued on June 17, 2021, is vacated.

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)  The remittitur will issue immediately upon the finality of this opinion as to this court, should the parties so stipulate.  (Cal. Rules of Court, rules 8.272(c)(1) & 8.490(d).)