687 A.2d 970

**Stephen HARRIS**

v.

**STATE of Maryland.**

**No. 148, Sept. Term 1995.**

Court of Appeals of Maryland.

Jan. 21, 1997.

George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender; Mark Colvin, Asst. Public Defender, on brief), Baltimore, for Petitioner.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, Paul Victor Jorgensen, Middletown, for Respondent.

Argued before MURPHY, C.J.,\* and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

BELL, Judge.

This case presents the issue of whether, after the Office of Public Defender ("OPD") has been permitted to withdraw as counsel, a trial court may order, consistent with Md.Code (1957, 1993 Repl.Vol.1995 Cum.Supp.) Article 27A, the OPD to serve as standby counsel for a defendant, who it has found has voluntarily and knowingly waived his right to representation and elected to proceed *pro se.* The Circuit Court for Frederick County so ordered and the Court of Special Appeals, noting the trial court's discretion to appoint standby counsel to avoid a "fractious, inefficient, and potentially unfair trial," affirmed that judgment. *Harris v. State,* 107 Md.App. 399, 420, 668 A.2d 938, 948 (1995). For the reasons that follow, we shall reverse.

---

\* Murphy, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

### I.

When in the underlying criminal action, Bruce Wayne Koenig, was charged with the first degree murders of his parents, attorneys supplied by OPD, namely the District Public Defender and an assistant from the Frederick County Office, entered their appearances as his counsel. The State having filed notice of its intention to seek sentences of death and life imprisonment without the possibility of parole, they struck their appearances and the Chief of the OPD's Capital Defense Division entered his. Thereafter, a panel attorney supplied by OPD entered her appearance as co-counsel.

Proceeding *pro se,* Koenig moved to discharge his counsel and asked the court to appoint new counsel. He alleged that, in some respects, his attorneys had failed to conduct discovery and did not pursue investigative leads that they were given. At the hearing the trial court held on his motion, Koenig identified witnesses and records that had not been either interviewed or examined. He additionally informed the court that he and counsel had "some fundamental differences on how the case should be handled," noting also that he desired to be "actively involved in the case," in the questioning and interviewing of the witnesses. Further, Koenig concluded:

> We've just gotten to a point where we are not able to be in agreement on anything on the case. The trust, confidence I think on both parts, has broken down and I cannot work with [counsel].

Finding "no meritorious reason whatsoever for you to discharge these attorneys," the trial court explained to Koenig that, should he persist in his intention to discharge counsel, he would be required either to hire his own attorney, which Koenig professed to be unable to afford, or represent himself.[1]

---

1. Maryland Rule 4–215(e) provides:

    (e) *Discharge of Counsel—Waiver.* If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel;

When Koenig indicated that he nevertheless was inclined to discharge counsel, the trial court apprised Koenig of and, in fact, stressed, the disadvantages and pitfalls of self-representation, particularly in a capital case. In short, it was clear from the court's advice that it believed, and communicated to Koenig, that, in this case, proceeding *pro se* would be to Koenig's detriment. The trial court also continued the hearing to allow Koenig time to think about his decision and its consequences.

At the continued hearing, Koenig persisted in his intention to discharge counsel. At the same time, however, he made a supplemental request [2]: he asked the court to appoint standby

continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)—(4) of this Rule if the docket or file does not reflect prior compliance.

There is no contention in this case that the trial court failed to comply with § (a) of this Rule. Indeed, the record reflects that it did. Nor does the defendant maintain that his decision to discharge counsel and proceed *pro se* was not knowingly and voluntarily done. As will become clear *infra*, the record reflects that it was.

The court specifically advised Koenig that a finding by it that the discharge was non-meritorious would mean that the OPD would not be required either to supply substitute counsel or to provide him with another attorney from its offices.

2.  Koenig's first request was to be allowed to proceed as I wanted to, in what [counsel] described as a "hybrid defense." Hybrid representation was described in *Parren v. State*, 309 Md. 260, 264, 523 A.2d 597, 599 (1987), as "encompass[ing] both the participation of the defendant in the conduct of the trial when he had not effectively waived the assistance of an attorney to defend him, and the participation by an attorney in the conduct of the trial when the defendant was proceeding *pro se*," *i.e.* an attorney-client relationship in the nature of a co-counsel relationship. As the trial court told Koenig, "hybrid representation" is not an accepted form of representation in Maryland. This Court has made clear that "there are only two types of representation constitutionally guaranteed—representation by counsel and representation *pro se*—and they are mutually exclusive." *Id.* at 265, 523 A.2d at 599.

counsel—"someone who would sit with him, provide him legal advice and [Koenig] would drive the case, that is determine what [is] to be done."[3] After exhaustively examining Koenig with respect to his decision to discharge counsel and proceed *pro se*[4], the trial court found that Koenig's "motion to discharge counsel is freely, voluntarily and understandingly made" and that he "knowingly and intelligently" elected to represent himself, "with the assistance of standby counsel." Accordingly, it issued an order striking counsel's appearance as counsel for Koenig, but directing OPD to provide standby counsel for Koenig.

OPD's appeal of the circuit court's order was unsuccessful. The Court of Special Appeals, as we have seen upheld the trial court's order requiring the OPD to provide standby counsel. We granted the OPD's Petition for Certiorari to determine whether Art. 27A does vest the trial court with such discretionary authority where that office's representation has been effectively waived by a defendant who has knowingly, voluntarily and intelligently elected to represent himself, *albeit* with the assistance of standby counsel.

---

As his description, supplemented by counsel, of what he expected of counsel made clear, Koenig was not interested in a co-counsel relationship; rather, he wanted to be "the captain of the ship," the critical ingredient of representation *pro se*. *Id.* at 264–65, 523 A.2d at 598–99.

3. Koenig defined standby counsel in response to a question from the court as follows:

I would be permitted to address the jury, I would be permitted to question witnesses, standby counsel would also be able to participate on that basis. And would be there to instruct and advise and assist me on the legal technicalities, the points of law that I am not aware of at this point.

4. The court's questions were intended to determine whether Koenig understood the charges, and, so, were consistent with the required inquiry contemplated by Rule 4–215(a), and whether he was acting voluntarily and so were in the nature of the inquiry contemplated by Rule 4–215(e). Thus, the court inquired into Koenig's educational background, his mental health, his understanding of the role of counsel and the consequences of proceeding without counsel, even though both it and Koenig anticipated that Koenig would represent himself with the assistance of standby counsel.

## II.

The petitioner asserts that a defendant has no constitutional right to standby counsel. He argues that a defendant has no statutory right to standby counsel under Art. 27A and maintains that the trial court has no authority under Art. 27A to require the OPD to provide such form of representation. The State, however, contends that a defendant has a constitutional right to standby counsel and argues that Art. 27A provides statutory entitlement to such representation and authorizes the court to require the OPD to represent Koenig in that capacity. It further asserts that the court's authority to require OPD to provide standby counsel is derived from the court's power to control a withdrawal by counsel of record, pursuant to Md. Rule 4–214.[5] Koenig argues that standby

---

5. That provision is as follows:

Rule 4–214. Defense Counsel

(a) Appearance. Counsel retained or appointed to represent a defendant shall enter an appearance in writing within five days after accepting employment, after appointment, or after the filing of the charging document in court, whichever occurs later. An appearance entered in the District Court will automatically be entered in the circuit court when a case is transferred to the circuit court because of a demand for jury trial. In any other circumstance counsel who intends to continue representation in the circuit court after appearing in the District Court must re-enter an appearance in the circuit court.

(b) Extent of Duty of Appointed Counsel. When counsel is appointed by the Public Defender or by the court, representation extends to all stages in the proceedings, including but not limited to custody, interrogations, preliminary hearing, pretrial motions and hearings, trial, motions for modification or review of sentence or new trial, and appeal. The Public Defender may relieve appointed counsel and substitute new counsel for the defendant without order of court by giving notice of the substitution to the clerk of the court. Representation by the Public Defender's office may not be withdrawn until the appearance of that office has been stricken pursuant to section (c) of Rule. The representation of appointed counsel does not extend to the filing of subsequent discretionary proceedings including petition for writ of certiorari, petition to expunge records, and petition for post conviction relief.

(c) Striking Appearance. A motion to withdraw the appearance of counsel shall be made in writing or in the presence of the defendant in open court. If the motion is in writing, moving counsel shall certify that a written notice of intention to withdraw appearance was sent to the defendant at least ten days before the filing of the motion. If the defendant is represented by other counsel or if other counsel enters an

counsel is a form of legal representation to which he is entitled under Art. 27A.

## III.

It is well established that, pursuant to the Sixth Amendment to the United States Constitution [6] and Article 21 of the Maryland Declaration of Rights [7], a defendant in a criminal trial is entitled to the effective assistance of counsel. *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562, 566 (1975); *Parren v. State,* 309 Md. 260, 262–63, 523 A.2d 597, 598 (1987); *Rutherford v. Rutherford,* 296 Md. 347, 357, 464 A.2d 228, 234 (1983). The United States Supreme Court has held that "[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense," *Faretta,* 422 U.S. at 819, 95 S.Ct. at 2532, 45

---

appearance on behalf of the defendant, and if no objection is made within ten days after the motion is filed, the clerk shall strike the appearance of moving counsel. If no other counsel has entered an appearance for the defendant, leave to withdraw may be granted only by order of court. The Court may refuse leave to withdraw an appearance if it would unduly delay the trial of the action, would be prejudicial to any of the parties, or otherwise would not be in the interest of justice. If leave is granted and the defendant is not represented, a subpoena or other writ shall be issued and served on the defendant for an appearance before the court for proceedings pursuant to Rule 4–215.

6. The Sixth Amendment includes a condensed statement of the rights necessary to a full defense:

In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

7. Article 21 of the Maryland Declaration of Rights provides:

That in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence; to be allowed counsel; to be confronted with the witnesses against him; to have process for his witnesses; to examine the witnesses for and against him on oath; and to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty.

L.Ed.2d at 572. *See also McKaskle v. Wiggins,* 465 U.S. 168, 170, 104 S.Ct. 944, 947, 79 L.Ed.2d 122, 128 (1984), *aff'd on remand,* 729 F.2d 1026 (5th Cir.Tex.1984), *on reconsideration,* 753 F.2d 1318 (5th Cir. Tex 1985), thus recognizing the right to self-representation as an independent right that is implicit in the protection afforded by that amendment. That does not mean, however, that a defendant is entitled to exercise both at the same time. *Faretta* made clear that the Sixth Amendment right to counsel only guarantees "a choice between representation by counsel and the traditional practice of self-representation." 422 U.S. at 825, 95 S.Ct. at 2536, 45 L.Ed.2d at 576. This Court was more explicit in *Parren,* 309 Md. at 262, 523 A.2d at 598 (quoting *Leonard v. State,* 302 Md. 111, 119, 486 A.2d 163, 166 (1985)), when we said: "The [two] rights are 'mutually exclusive and the defendant cannot assert both simultaneously,'" *see also United States v. Nivica,* 887 F.2d 1110, 1121 (1st Cir.1989) *cert. denied,* 494 U.S. 1005, 110 S.Ct. 1300, 108 L.Ed.2d 477 (1990), and later reiterated, "'[a] criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel.'" *Parren,* 309 Md. at 265, 523 A.2d at 599 (quoting *United States v. Halbert,* 640 F.2d 1000, 1009 (9th Cir.1981) (emphasis in original)). To avail him or herself of the right of self representation, a defendant must knowingly and voluntarily waive the right to counsel. The mechanism by which the courts attempt to ensure that waivers of counsel are voluntarily made is Maryland Rule 4–215.

At issue in *Parren* was whether the defendants had validly waived counsel. Before reaching that issue the Court considered whether they were constitutionally entitled to have "hybrid representation," that is, to act during the conduct of the trial as co-counsel with their lawyer. This Court expressly rejected "hybrid representation" as a third form of representation to which criminal defendants are constitutionally entitled, *Parren,* 309 Md. at 265, 523 A.2d at 599, opining along the way that "the concept of hybrid representation as a 'sharing in the awesome responsibilities of defending a criminal charge'... is impracticable and inadvisable...." 309 Md.

at 270, 523 A.2d at 601–602 (*quoting, Bright v. State,* 68 Md.App. 41, 47, 509 A.2d 1227, 1230 (1986)). We explained that "there can be but one captain of the ship, and it is he alone who must assume responsibility for its passage, whether it safely reaches the destination charted or founders on a reef." *Parren,* 309 Md. at 264, 523 A.2d at 599. In our rejection of hybrid representation, we pointed out that this

> does not mean that . . . a defendant appearing *pro se* may not have a lawyer participate to any extent in the trial. Such participation may be permitted in the discretion of the presiding judge under his general power to control the conduct of the trial. . . . But in either case the participation never reaches the level of "representation" nor does the participant attain the status of "co-counsel." When a defendant appears pro se, it is he who calls the shots albeit, perhaps, with the aid, advice and allocution of counsel in the discretion of the trial judge.

*Id.* at 265, 523 A.2d at 599 (citation omitted). We thus recognized the discretion of a trial court to permit an attorney to assist a defendant's exercise of the right of self-representation, and, as the intermediate appellate court noted, to assist "the court in maintaining some measure of control over the proceeding," *Harris,* 107 Md.App. at 413, 668 A.2d at 944–45, so long as that attorney's participation does not rise to the level of representation. In that sense then we endorsed the use, as a matter of judicial discretion, of "standby counsel" in proceedings in which the defendant appears *pro se.*

This is consistent with the position that the Supreme Court has taken with regard to standby counsel, *see McKaskle,* 465 U.S. at 170, 104 S.Ct. at 947, 79 L.Ed.2d at 128 (stating that the Court in *Faretta* had held that a "trial court may appoint 'standby counsel' to assist the *pro se* defendant in his defense"); *Faretta,* 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46, 45 L.Ed.2d at 581 n. 46 ("Of course, a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary."), as

well as the holdings of the majority of the courts that have addressed the issue. *E.G. Russaw v. State,* 572 So.2d 1288 (Ala.Cr.App.1990); *People v. Crandell,* 46 Cal.3d 833, 251 Cal.Rptr. 227, 239, 760 P.2d 423, 436 (1988) [8]; *Jones v. State,* 449 So.2d 253, 258 (Fla.), *cert. denied,* 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984); *State v. Hutch,* 75 Haw. 307, 861 P.2d 11 (1993); *People v. Gibson,* 136 Ill.2d 362, 144 Ill.Dec. 759, 556 N.E.2d 226 (1990); *State v. Buckland,* 245 Kan. 132, 777 P.2d 745 (1989); *State v. Green,* 238 Neb. 492, 471 N.W.2d 413 (1991); *State v. Gallagher,* 274 N.J.Super. 285, 644 A.2d 103 (1994); *State v. Rotibi,* 117 N.M. 108, 869 P.2d 296 (App.), *cert. denied,* 117 N.M. 215, 870 P.2d 753 (1994); *People v. Sawyer,* 57 N.Y.2d 12, 453 N.Y.S.2d 418, 438 N.E.2d 1133 (1982), *cert. denied,* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1024 (1983); *Culverhouse v. State,* 755 S.W.2d 856 (Tex.Crim. App.), *cert. denied,* 488 U.S. 863, 109 S.Ct. 164, 102 L.Ed.2d 134 (1988); *State v. Watkins,* 71 Wash.App. 164, 857 P.2d 300 (1993); *United States v. Betancourt–Arretuche,* 933 F.2d 89, 94–95 (1st Cir.1991); *Locks v. Sumner,* 703 F.2d 403, 407–08 (9th Cir.1983); *United States v. LaChance,* 817 F.2d 1491, 1498 (11th Cir.1987); *Molino v. Dubois,* 848 F.Supp. 11, 13 (D.Mass.1994).

In *Parren,* counsel agreed to act as standby counsel; no issue was presented concerning the court's authority to appoint the public defender, whose services as counsel were refused and who resisted serving in a standby capacity, as standby counsel. That question is squarely presented by the facts of this case.

█ While it may be within the court's discretion to appoint standby counsel, whether the court may require OPD to serve as standby counsel under the facts and circumstances *sub judice* is quite another issue. In *People v. Gibson,* 136 Ill.2d 362, 144 Ill.Dec. 759, 764, 556 N.E.2d 226, 231 (1990), the

---

**8.** That case, as does *People v. Bigelow,* 37 Cal.3d 731, 209 Cal.Rptr. 328, 333–34, 691 P.2d 994, 999–1000 (1984), suggests that it may be an abuse of discretion to refuse to appoint standby counsel in a capital case. We take no position on the issue.

Supreme Court of Illinois recognized that whether a trial court is permitted to appoint standby counsel to assist an indigent defendant who has elected to proceed *pro se* is a related, yet distinct, issue from whether "the public defender's office may properly be appointed to that function." The court acknowledged that the answer to the latter issue could only be determined by referring to the relevant Public Defender Act. That is the approach taken by the Court of Special Appeals and the cases on which it relied. In addition to *Gibson, see Ligda v. Superior Court,* 5 Cal.App.3d 811, 826, 85 Cal.Rptr. 744 (1970) [9]; *Behr v. Bell,* 646 So.2d 837, 838 (Fla.App.1994), aff'd. 665 So.2d 1055 (Fla.1996). Those courts, like the Court of Special Appeals, found authority in the applicable Public Defender statute to justify the action of the trial court in appointing the Public Defender as standby counsel. We agree with the analysis, if not the result.

Accordingly, we turn our attention to the Maryland Public Defender Act, Maryland Code (1957, 1993 Repl.Vol., 1995 Supp.) Art. 27A, the statute pursuant to which the OPD was created. Section 1 of that article, the declaration of policy and legislative intent, provides:

> It is hereby declared to be the policy of the State of Maryland to provide for the realization of the constitutional guarantees of counsel in the representation of indigents, including related necessary services and facilities, in criminal and juvenile proceedings within the State, and to assure effective assistance and continuity of counsel to indigent accuseds taken into custody and indigent defendants in

---

**9.** The intermediate appellate court cited another California case, *Littlefield v. Superior Court,* 18 Cal.App.4th 856, 22 Cal.Rptr.2d 659 (1993), which, contrary to *Ligda v. Superior Court,* 5 Cal.App.3d 811, 85 Cal.Rptr. 744 (1970), held that

> [t]he court's authority in appointing the public defender is limited to appointments to defend a person charged with a crime, or at least to assist in the defense of such a person.... A standby counsel represents no one. Like an understudy in a play, his or her task is to wait in readiness to play a role should the occasion arise. Standing by is not defending.

*Id.* at 860, 22 Cal.Rptr.2d 659.

criminal and juvenile proceedings before the courts of the State of Maryland, and to authorize the Office of Public Defender to administer and assure enforcement of the provisions of this article in accordance with its terms.

Section 4 defines the scope of the OPD's responsibility to indigent defendants. As relevant, it provides:

(a) It shall be the primary duty of the Public Defender to provide legal representation for any indigent defendant eligible for services under this article. Legal representation may be provided by the Public Defender, or, subject to the supervision of the Public Defender, by his deputy, by district public defenders, by assistant public defenders, or by panel attorneys as hereinafter provided for.

(b) Legal representation shall be provided indigent defendants or parties in the following proceedings:

(1) Any criminal or juvenile proceeding constitutionally requiring the presence of counsel prior to presentment before a commissioner or judge;

(2) Criminal or juvenile proceedings, where the defendant is charged with a serious crime, before the District Court of Maryland, the various circuit courts within the State of Maryland, and the Court of Special Appeals;

(3) Post conviction proceedings under Article 27, Annotated Code of Maryland, when the defendant has a right to counsel pursuant to Sec. 645A of that article;

(4) Any other proceeding where possible incarceration pursuant to a judicial commitment of individuals in institutions of a public or a private nature may result; and

(5) An involuntary termination of parental rights proceeding or a hearing under Sec. 5–319 of the Family Law Article, if the party is entitled to Public Defender representation under Sec. 5–323 of the Family Law Article.

* * *

(d) Representation by the Office of the Public Defender, or by an attorney appointed by the Office of the Public Defender, shall extend to all stages in the proceedings, including custody, interrogation, preliminary hearing, arraignment,

trial, a hearing in an involuntary termination of parental rights proceeding, a hearing under Sec. 5–319 of the Family Law Article, and appeal, if any, and shall continue until the final disposition of the cause, or until the assigned attorney is relieved by the Public Defender or by order of the court in which the cause is pending.

The State and Koenig maintain that "the representation of indigents, including related necessary services" should be interpreted to encompass standby counsel. Indeed, that is what the Court of Special Appeals held. *Harris,* 107 Md.App. at 416, 668 A.2d at 946. Noting that the language of the statute is clear and unambiguous, the OPD contends, on the other hand, that, when read in the context of *Parren,* it is crystalline that Art. 27A does not authorize standby counsel. The issue is, in its view, one of statutory interpretation.

The object of statutory construction is to discern and effectuate the intention of the legislature. *Baltimore v. Cassidy,* 338 Md. 88, 93, 656 A.2d 757, 760 (1995). Where, as is the case with Art. 27A, the language of the statute is unambiguous, the search for legislative intent *ordinarily* begins and ends with the statutory language. *Id.* (citing *Harris v. State,* 331 Md. 137, 145, 626 A.2d 946, 950 (1993)). Both the legislative purpose underlying the Public Defender Statute and its prescription of duties to be discharged are clear. The purpose underlying Art. 27A is "to provide for the realization of the constitutional guarantees of counsel in the representation of indigents, including related necessary services and necessary facilities ... and to authorize the Office of Public Defender to administer and assure enforcement of the provisions of this article in accordance with its terms." § 1. Section 4 makes clear that the OPD's primary duty is to provide "legal representation." We summarized the dual purpose of Art. 27A as allowing the "State [to] provide constitutionally-required resources to indigent appellants through the Public Defender system, which protects both indigents and the State by guaranteeing effective assistance of counsel while preventing abuse

of resources." *State v. Miller*, 337 Md. 71, 83, 651 A.2d 845, 851 (1995).[10]

As we have seen, as noted in *Parren*, "[t]here are only two types of representation constitutionally guaranteed—representation by counsel and representation pro se—and they are mutually exclusive." 309 Md. at 265, 523 A.2d at 599. The participation, moreover, in a hybrid capacity, as standby counsel in the defense of the accused "never reaches the level of 'representation.'" *Id.* Since, therefore, standby counsel is not a constitutional resource to which indigent defendants are entitled, and Art. 27A concerns itself with "constitutional guarantees of counsel," and "legal representation," it follows that Art. 27A does not authorize the use of the OPD as a repository for standby counsel; requiring OPD to provide a service to which defendants are not constitutionally entitled, or which are not expressly covered by a statute, simply is not within the intendment of the Public Defender statute. Interpreting the statute in this way, it becomes clear that the "necessary related services" referred to in § 1 are those services ancillary to the representation to which defendants are entitled and not, as the State and Koenig maintain, standby counsel.

To be sure, as this Court recognized in *Webster v.State*, 299 Md. 581, 603, 474 A.2d 1305, 1316 (1984), "It is clear that legal representation by Public Defender is not limited to those proceedings in which the Sixth Amendment demands the assistance of counsel; the statute contemplates such representation in certain areas beyond the reach of that guarantee." In that case, "Even though a lineup is not encompassed within the types of cases designated in § 4(b) as calling for the assistance of the Public Defender, we [held] that such a confrontation arranged by the police, at which a suspect is

---

**10.** On October 29, 1996, the United States Court of Appeals for the Fourth Circuit decided *Miller v. Smith*, 99 F.3d 120 (1996), *vacated, reh'g*, en banc, granted, *Miller v. Smith*, 99 F.3d 120 (4th Cir. Dec. 10, 1996), disagreeing with this Court's decision. The case is presently pending en banc review. Given the approach we have taken in this case, that decision is of no consequence to this decision.

exhibited in order to obtain evidence that he is the criminal agent, is within the ambit of the Public Defender Statute." 299 Md. at 603, 474 A.2d at 1316. We were guided to that conclusion by the need to

> "scrutinize any pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right ... to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice."

*United States v. Wade,* 388 U.S. 218, 227, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149, 1157 (1967). We were also persuaded by the fact that the policy of the Public Defender statute "was not only 'to provide for the realization of the constitutional guarantees of counsel in the representation of indigents ... in criminal and juvenile proceedings within the State ...' but also 'to assure effective assistance and continuity of counsel to indigent accused taken into custody and indigent defendants in criminal and juvenile proceedings before the courts of the State of Maryland....'" 299 Md. at 603, 474 A.2d at 1316 (quoting Art. 27A § 1).

A distinction exists, however, between the circumstances in that case and those in this one. In *Webster,* the defendant's right to counsel was predicated on an express provision of the Public Defender Act, § 4(d),[11] *id.,* while, although permitted, standby counsel is not considered a critical, or even necessary, *see Molino v. Dubois,* 848 F.Supp. 11, 13 n. 3 (D.Mass.1994),

---

11. That section provides:

(d) Representation by the Office of the Public Defender, or by an attorney appointed by the Office of the Public Defender, shall extend to all stages in the proceedings, including custody, interrogation, preliminary hearing, arraignment, trial, a hearing in an involuntary termination of parental rights proceedings, a hearing under Sec. 5–319 of the Family Law Article, and appeal, if any, and shall continue until the final disposition of the cause, or until the assigned attorney is relieved by the Public Defender or by order of the court in which the cause is pending.

aspect of a defendant's right to proceed *pro se. Parren,* 309 Md. at 264, 523 A.2d at 599 (quoting *United States v. Hill,* 526 F.2d 1019, 1025 (10th Cir.1975), *cert. denied,* 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976))("There is no right vested in the defendant who has effectively waived the assistance of counsel to have his responsibilities for the conduct of the trial shared by an attorney. 'The Sixth Amendment does not give any indication that hybrid representation is a right of constitutional dimensions,' and no such right is bestowed by statute.").

■ The State, in the alternative, argues, as the intermediate appellate court held, that Md. Rule 4–214 authorizes the court to require the OPD to provide standby counsel "as an exercise of the court's power to control a withdrawal by counsel of record." Md. Rule 4–214 provides in pertinent part:

> (c) The court may refuse leave to withdraw an appearance if it would unduly delay the trial of the action, would be prejudicial to any of the other parties, or otherwise would not be in the interest of justice. . . .

The State further asserts that if the court has the authority to refuse leave to withdraw then it certainly has the authority to appoint standby counsel. We disagree.

■ "[T]here is the clear duty imposed on the court, in order to decide whether it should appoint counsel, upon the Public Defender declining to do so, to make its own independent determination whether a defendant is indigent and otherwise eligible to have counsel provided." *Thompson v. State,* 284 Md. 113, 129, 394 A.2d 1190, 1198 (1978). Art. 27A § 6(f) specifically limits the court's authority to appoint an attorney to represent an indigent person, in any capacity, to instances:

> where there is a conflict in legal representation in a matter involving multiple defendants and one of the defendants is represented by or through the Office of the Public Defender, or where the Office of the Public Defender declines to provide representation to an indigent person entitled to representation under this article.

*See also Thompson,* 284 Md. at 128, 394 A.2d at 1197 (Art. 27A "establishes the Office of Public Defender with a Public Defender at its head, and sets out his authority, duties and obligations").

Here, Koenig was found to have freely and voluntarily waived his right to counsel, pursuant to Rule 4–215, and, so, as we interpret it, the court. issued an order striking counsel's appearance. That relieved the OPD of any further responsibility for Koenig's representation. Since the court's power to appoint the OPD as counsel is limited and this case is not one in which it has that authority, Rule 4–214 does not authorize the court to require the OPD to provide any form of representation, including standby representation, in this case. *Webster v. State,* 299 Md. at 603, 474 A.2d at 1316 ("The Office of Public Defender was established in the executive branch of the government, § 3, and the duty of the Public Defender to provide legal representation for any eligible indigent defendant was spelled out . . . ."). As the petitioner put it, "[t]here is nothing in the rule creating a twilight zone between discharge and non-discharge of counsel."

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY.*