SMITH, J.
 

 James Russell Trimble, the appellant, has been an inmate committed to the custody of the Commissioner of Correction for nearly 24 years. He is serving multiple life sentences and other sentences in connection with a 1981 rape and murder, as well as a double kidnapping. In this appeal, Trimble challenges an order of the Circuit Court for Baltimore County, dated May 28, 2003, by which the court denied his request for the appointment of counsel to assist him in obtaining postconviction DNA testing.
 

 ISSUES
 

 Trimble argues, in essence, that the trial court erred by denying the request for the appointment of counsel and by failing to conduct a hearing on the request. The State has moved to dismiss the appeal on the ground that “no matter was pending in the circuit court when Trimble filed his motion for appointment of counsel.” The State adds that, assuming
 
 arguendo
 
 that a case was pending, “the court’s ruling denying relief would have constituted a non-appealable interlocutory order.”
 

 
 *75
 
 We shall grant the State’s motion to dismiss, but for a different reason than that set forth by the State. We shall hold that, under the law of the case doctrine, the trial court properly denied the request for counsel. For guidance purposes, we shall address the merits of Trimble’s argument as well.
 

 FACTS
 

 Trimble was tried in the Circuit Court for Baltimore County in March of 1982. His only defense at trial was insanity.
 
 [1]
 
 The jury rejected the defense and found Trimble guilty of first degree murder, first degree rape, two counts of first degree sexual offense, two counts of kidnapping, and one count of assault.
 
 [2]
 
 The court sentenced Trimble to death on the murder count and imposed three life terms plus additional time on the remaining counts.
 
 [3]
 

 The judgments against Trimble were affirmed by the Court of Appeals.
 
 [4]
 
 On appeal from a subsequent postconviction proceeding, however, the Court vacated the death sentence on the ground that Trimble had not been properly advised of his right to be sentenced by a jury.
 
 [5]
 
 Upon remand, the trial court imposed a life sentence for the murder conviction.
 

 In June of 2002, Trimble moved
 
 pro se
 
 to have the body of the murder victim exhumed so that DNA testing could be conducted upon it. He indicated that “the State no longer has evidence that could be tested for [his] DNA,” and that testing of the victim’s body would establish his “innocence of all sexually related charges against him.” The trial court denied
 
 *76
 
 the motion and this Court affirmed.
 
 [6]
 
 In doing so, we treated Trimble’s motion to exhume the body as a motion for a new trial, under Md. Rule 4—331(c)(3), based on newly discovered evidence. We explained:
 

 ... [T]he exhumation of the body of [the victim] was not essential to the fair administration of justice. The evidence at trial was “abundant that [a]ppellant forcibly raped [the victim].... ”
 
 [Trimble v. State,
 
 300 Md. 387, 430, 478 A.2d 1143, 1165 (1984)]. In fact, appellant’s only defense was insanity, a plea that “presupposes the commission of the proscribed conduct but denies the prerequisite mental state. It admits the crime ... but seeks to avoid responsibility.” ... In addition, because the murder occurred nearly twenty-two years ago, the existence of the evidence sought by appellant was speculative and uncertain, rendering “its value in aiding appellant’s defense ... conjectural and remote.” Under these circumstances, the circuit court did not abuse its discretion in denying the motion.[
 
 7
 
 ]
 

 On May 15, 2003, Trimble filed the “Motion for the Appointment of Counsel” that is the subject of this appeal. In the motion, Trimble asserted:
 

 1. The petitioner is unable to afford counsel.
 

 2. The issues involved in this case and D.N.A. testing are complex.
 

 3. The plaintiff, as a segregation inmate, has extremely limited access to the law library.
 

 4. The petitioner has a limited knowledge of the law.
 

 The State moved to dismiss the motion on the ground that “[t]here is nothing pending in this court requiring counsel to be appointed to the Defendant.” On May 28, 2003, the court entered an order denying Trimble’s motion without comment. Thereafter, Trimble noted an appeal to this Court.
 

 
 *77
 
 DISCUSSION
 

 As the State points out, no matter was pending before the trial court when Trimble filed his motion for the appointment of counsel. Trimble indicated in his motion that he wanted counsel to assist him in investigating the possibility of obtaining DNA testing. The circuit court had already denied Trimble’s motion to have the victim’s body exhumed for DNA testing, however, and this Court has affirmed that ruling. Thus, it is the law of the case that DNA testing cannot be conducted. Under the law of the case doctrine, “once an appellate court rules upon a question presented on appeal, litigants and lower courts become bound by the ruling, which is considered to be the law of the case.”
 
 Scott v. State,
 
 379 Md. 170, 183, 840 A.2d 715, 723 (2004).
 

 For guidance purposes, we shall assume
 
 arguendo
 
 that the law of the case doctrine did not bar Trimble’s motion for the appointment of counsel. We shall further assume
 
 arguendo
 
 that the collateral order doctrine would apply, and that Trimble therefore would be entitled to appeal immediately from the denial of his motion for counsel.
 
 [8]
 
 We would conclude that, under the circumstances of this case, Trimble simply was not entitled to counsel to assist him in pursuing postconviction DNA testing.
 

 
 *78
 
 The Supreme Court has made clear that “a defendant has no federal constitutional right to appointed counsel when pursuing a discretionary appeal on direct review of his conviction, [and that]
 
 a fortiori,
 
 he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.”
 
 Pennsylvania v. Finley,
 
 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). As the Court has explained, postconviction relief “is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature.... It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief.”
 
 Id.
 
 at 557, 107 S.Ct. at 1994 (citation omitted).
 

 In Maryland, the right to counsel in a postconviction proceeding is derived from Md.Code (1957, 2003 Repl.Vol.), §§ 4 and 6 of Article 27A. Section 4 of Article 27A concerns the duty of the Public Defender to provide legal services for indigent defendants under certain circumstances The statute provides, in pertinent part:
 

 (b)
 
 Included
 
 proceedings.—Legal representation shall be provided indigent defendants or parties in the following proceedings:
 

 (1) Any criminal or juvenile proceeding constitutionally requiring the presence of counsel prior to presentment before a commissioner or judge;
 

 (2) Criminal or juvenile proceedings, where the defendant is charged with a serious crime, before the District Court of Maryland, the various circuit courts within the State of Maryland, and the Court of Special Appeals;
 

 (3) Postconviction proceedings, when the defendant has a right to counsel pursuant to Title 7 of the Criminal Procedure Article;
 

 
 *79
 
 (4) Any other proceeding where possible incarceration pursuant to a judicial commitment of individuals in institutions of a public or private nature may result ...
 

 (d)
 
 Extension of representation to all stages in proceed
 
 ings.—Representation by the Office of the Public Defender, or by an attorney appointed by the Office of the Public Defender, shall extend to all stages in the proceedings, including custody, interrogation, preliminary hearing, arraignment, trial, ... and appeal, if any, and shall continue until the final disposition of the cause, or until the assigned attorney is relieved by the Public Defender or by order of the court in which the cause is pending.
 

 Code (1957, 2003 RepLVol.), § 4(b) and (d) of Art. 27A.
 

 Section 6 of Article 27A concerns the appointment of private attorneys, or panel attorneys, by the district public defender in certain cases. The section also includes the following provision:
 

 (f)
 
 Authority of courts to appoint counsel in certain
 
 situations.—Nothing in this Article shall be construed to deprive any court mentioned in § 4(b)(2) of this Article of the authority to appoint an attorney to represent an indigent person where there is a conflict in legal representation in a matter involving multiple defendants and one of the defendants is represented by or through the Office of the Public Defender, or where the Office of the Public Defender declines to provide representation to an indigent person entitled to representation under this article.
 

 Code (1957, 2003 RepLVol.), § 6(f) of Art. 27A.
 

 The legislature has thus established that a convicted, indigent person who seeks to pursue a postconviction proceeding under Title 7 of the Criminal Procedure Article is entitled to the appointment of counsel by the Office of the Public Defender or by the court. Indeed, § 7-108(a) of the Criminal Procedure Article specifically states that, with certain exceptions, “a person is entitled to assistance of counsel and a
 
 *80
 
 hearing on a petition filed under this title.” Code (2001), § 7-108(a) of the Crim. Pro. Art. Section 7-102(a) of the Criminal Procedure Article provides that
 

 a convicted person may begin a proceeding under this title in the circuit court for the county in which the conviction took place at any time if the person claims that:
 

 (1) the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or law of the State;
 

 (2) the court lacked jurisdiction to impose the sentence;
 

 (3) the sentence exceeds the maximum allowed by law; or
 

 (4) the sentence is otherwise subject to collateral attack on a ground of alleged error that would otherwise be available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy.
 

 Id.,
 
 § 7-102(a).
 

 Section 7-102(b) makes clear that postconviction relief may properly be sought only if “the alleged error has not been previously and finally litigated or waived in the proceeding resulting in the conviction or in any other proceeding that the person has taken to secure relief from the person’s conviction.”
 
 Id.,
 
 § 7-102(b). Section 7-103 limits the number of postconviction petitions that a person may file.
 
 See id.,
 
 § 7-103. Section 7-104 addresses the re-opening of a postconviction proceeding.
 
 See id.,
 
 § 7-104.
 

 It appears from the record supplied to this Court that Trimble may have exhausted the number of posteonviction petitions that he may properly file under Title 7 of the Criminal Procedure Article.
 
 See id,
 
 § 7-103(a). Any postconviction action that Trimble may be contemplating would have to be pursued under § 8-201 of the Criminal Procedure Article, which specifically addresses postconviction review concerning DNA evidence.
 

 Section 8-201(b) provides:
 

 Notwithstanding any other law governing postconviction relief, a person who is convicted of a violation of [certain
 
 *81
 
 specified offenses including rape and murder] may file a petition for DNA testing of scientific identification evidence that the State possesses as provided in subsection (i) of this section and that is related to the judgment of conviction.
 

 Code (2001, 2003 Cum.Supp.), § 8-201 (b) of the Crim. Pro. Art.
 
 [9]
 
 In accordance with subsection (c) of § 8-201, a court shall, under certain circumstances,
 

 order DNA testing if the court finds that:
 

 (1) a reasonable probability exists that the DNA testing has the scientific potential to produce exculpatory or mitigating evidence relevant to a claim of wrongful conviction or sentencing; and
 

 (2) the requested DNA test employs a method of testing generally accepted within the relevant scientific community.
 

 Id.,
 
 § 8-201(c).
 

 Significantly, no language in §§ 4 or 6 of Article 27A, or in § 8-201 of the Criminal Procedure Article, extends the light to counsel to indigent persons who pursue postconviction proceedings under Title 8, Subtitle 2, rather than under Title 7 of the Criminal Procedure Article. We would decline to extend, by judicial interpretation, the right to postconviction counsel in such a case.
 

 Recently, the Court of Appeals summarized:
 
 *82
 

 Melton v. State,
 
 379 Md. 471, 476, 842 A.2d 743, 746 (2004) (citations omitted).
 

 
 *81
 
 “[T]he cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature.” ... A court should first examine the plain language of the statute when attempting to ascertain legislative intent.... If the statutory language is unambiguous when construed according to its ordinary and everyday meaning, then this Court “will give effect to the statute as it is written,” ... and will not add or delete words.
 

 
 *82
 
 The plain language of §§ 4 and 6 of Article 27A and § 7-108 of the Criminal Procedure Article establishes a right to counsel in certain postconviction proceedings brought under Title 7 of the Criminal Procedure Article. No language in §§ 4 or 6 of Article 27A or in § 8-201 of the Criminal Procedure Article extends the right to counsel to postconviction proceedings brought under Title 8, Subtitle 2. Even looking beyond the plain language of the statutes, we have uncovered nothing in the legislative history of Title 8, Subtitle 2, that would suggest that the legislature intended that the right to counsel extends to postconvictions actions brought under that Title.
 
 See
 
 2001 Laws of Maryland, Chapter 418; 2002 Laws of Maryland, Chapter and 465; 2003 Laws of Maryland, Chapter 240;
 
 The 90-Day Report: A Review of the 2001 Legislative Session
 
 at
 
 E-8
 
 (April 13, 2001);
 
 The 90-Day Report: A Review of the 2003 Legislative Session
 
 at E-17 (April 11, 2003). Thus, assuming
 
 arguendo
 
 that Trimble’s motion for the appointment of counsel was not barred by the law of the case, we would hold that the trial court properly denied the motion.
 

 APPEAL DISMISSED; APPELLANT TO PAY THE COSTS.
 

 [1]
 

 .
 
 See Trimble v. State,
 
 300 Md. 387, 392, 478 A.2d 1143, 1146 (1984).
 

 [2]
 

 .
 
 See id.
 

 [3]
 

 .
 
 See id.
 

 [4]
 

 .
 
 See id.
 

 [5]
 

 .
 
 See Trimble v. State,
 
 321 Md. 248, 264, 582 A.2d 794, 802 (1990).
 

 [6]
 

 .
 
 See Trimble v. State,
 
 No. 1162, September Term, 2002, slip op. (Ct.Spec.App. July 18, 2003) (unreported).
 

 [7]
 

 .
 
 Trimble,
 
 No. 1162, September Term, 2002, slip op. at 8-9 (citations omitted).
 

 [8]
 

 . "Under the collateral order doctrine, an order not constituting a final judgment may be immediately appealed if it conclusively determines the disputed question, resolves an important issue, is completely separate from the merits of the action, and is effectively unreviewable on appeal from the final judgment.”
 
 Harris v. State,
 
 107 Md.App. 399, 407, 668 A.2d 938, 942 (1995),
 
 rev’d on other grounds,
 
 344 Md. 497, 687 A.2d 970 (1997). It appears that the trial court’s order denying Trimble’s request for counsel would satisfy the conditions, in that: the order conclusively determined Trimble's right to counsel to assist him in obtaining DNA testing; the right to counsel in connection with postconviction proceedings is indisputably an important issue; Trimble’s right to counsel was completely separate from the matters that might be resolved through such proceedings; and the issue could evade appellate review if Trimble were to prevail in obtaining DNA testing.
 
 Compare Harris,
 
 107 Md.App. at 407-08, 668 A.2d at 942 (order requiring Office of the Public Defender to provide standby counsel to defendant was immediately appealable by Public Defender under collateral order doctrine).
 

 [9]
 

 . Under subsection (i) of § 8-201, the State must preserve certain DNA evidence through the time of sentencing.
 
 See
 
 Md.Code (2001, 2003 Cum.Supp.), § 8-20 l(i) of the Crim. Pro. Art. Subsection (j) sets forth provisions for disposing of the evidence, upon notice to the parties, after sentencing.
 
 See id..,
 
 § 8-201(j).